**Anthony JACKSON, Appellant,**

v.

**Stephen SALON et al., Appellees.**

**No. 79–1591.**

United States Court of Appeals,
First Circuit.

Submitted Dec. 27, 1979.

Decided Jan. 23, 1980.

---

16

Anthony Jackson, pro se.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Anthony Jackson's suit against four attorneys was dismissed by the district court for lack of jurisdiction. After his motions to amend the complaint and for reconsideration were denied, Jackson appealed. Jackson then asked this court to appoint counsel for him. We deny this request and summarily affirm the judgment of the district court. First Circuit Rule 12.

Jackson's complaint was properly dismissed. The allegations in it that the defendants failed to honor a contractual agreement to represent him, obtained compensation by false pretense, and misrepresented his position in court did not disclose any basis for federal jurisdiction. Nor did the allegation that the defendant Salon was, for a time, court-appointed and then allowed to withdraw establish a basis for Jackson's suit in 42 U.S.C. § 1983 (the jurisdictional counterpart of which is 28 U.S.C. § 1343(3)). Section 1983 is applicable only to acts under color of state law, and we have taken the view that court-appointed

attorneys do not act under color of law and therefore are not amenable to suit under § 1983. *Page v. Sharpe*, 487 F.2d 567, 569–70 (1st Cir. 1973).* The reason for this position is that court appointed counsel works primarily for the benefit of his indigent client and only indirectly for the benefit of the state or society in general, and in this relationship counsel is controlled by the wishes of the client and his independent professional judgment while he is in no significant way controlled by the state to which his client's interests are legally adverse. *See Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1156–57 (2d Cir. 1971). *Cf. Ferri v. Ackerman*, —— U.S. ——, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979) (court-appointed counsel in a federal criminal suit held not entitled to absolute immunity, as a matter of federal law, in subsequent state malpractice suit by his former client because, *inter alia*, the primary responsibility of appointed counsel is to his client).

 There was also no error in the denial of Jackson's motion to amend his complaint. Because the motion was received by the court after it had dismissed the complaint, it was too late for Jackson to amend as a matter of right. *See* Fed.R. Civ.P. 15(a); *Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir. 1976). In denying leave to amend, the district court could properly have decided—and apparently did decide—that amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *Compare Vargas v. McNamara*, 608 F.2d 15 (1st Cir. 1979). *See also* 28 U.S.C. § 1653; *Brennan v. University of Kansas*, 451 F.2d 1287, 1289 (10th Cir. 1971); *Local 205, UE v. General Electric Co.*, 233 F.2d 85, 101–02 (1st Cir. 1956), *aff'd*, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028 (1957). The proposed amended complaint suggested § 1983 as a basis for the suit, but contained no additional allegations that would support the exercise of federal jurisdiction on the basis of that provision or any other.

---

* Other courts have also held that court-appointed attorneys do not act under color of law. *E. g., Housand v. Heiman*, 594 F.2d 923, 925–26 (2d Cir. 1979); *Slavin v. Curry*, 575 F.2d 1256, 1265 (5th Cir. 1978); *Barnes v. Dorsey*, 480

 For the same reason, Jackson's motion for reconsideration was properly denied. We have not overlooked his allegations that he missed the district court's October 2 deadline for opposing the defendants' motions to dismiss because correctional officials limited his law library access and refused to send his legal mail first class. Nevertheless, correctional officials are not the defendants in this lawsuit, and any difficulty they may have caused Jackson is not a ground for overturning the district court judgment in this case. The fact remains that Jackson's suit was pending for over a year before the district court dismissed it, and even after dismissal Jackson failed to state a jurisdictional basis for the suit.

*Judgment affirmed.*

F.2d 1057, 1061 (8th Cir. 1973); *Espinoza v. Rogers*, 470 F.2d 1174 (10th Cir. 1972). Indeed, we know of no court of appeals which has held the contrary.