**334**

Ade George OYEGBOLA, Plaintiff,

v.

Robert Y. MURRAY, Defendant.

Civ. A. No. 92–10471–T.

United States District Court,
D. Massachusetts.

May 28, 1992.

Ade George Oyegbola, pro se.

Thomas Edward Peisch, Conn, Kavanaugh, Rosenthal & Peisch, Boston, Mass., for defendant.

MEMORANDUM

TAURO, Chief Judge.

Plaintiff Ade George Oyegbola sues Robert Y. Murray, who was Oyegbola's court-appointed attorney in a criminal prosecution. Oyegbola, *pro se*, asserts claims of attorney malpractice and misrepresentation.

The defendant has moved to dismiss for lack of jurisdiction, claiming that neither diversity nor federal question jurisdiction is present.

■ Oyegbola is a permanent resident alien. For purposes of diversity, his citizenship, therefore, is the state of his domicile. 28 U.S.C. § 1332(a). He is domiciled in Massachusetts, as is Murray.

■ The plaintiff asserts that his action arises under the Sixth Amendment. But a court-appointed attorney does not act under color of state law, so as to invoke that Amendment. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Jackson v. Salon*, 614 F.2d 15, 16 (1st Cir.1980). Alternatively, Oyegbola claims jurisdiction under the Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq.* That Act, however, concerns consumer product safety and does not, therefore, confer jurisdiction on this court to entertain plaintiff's suit. *See id.* § 2052(a)(1) ("consumer product" refers to articles or parts of articles).

An order will issue.

ORDER

For the reasons stated in the accompanying Memorandum, defendant's Motion to Dismiss is hereby ALLOWED.