June 14, 1993
 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

___________________

No. 92-2421

 

SAMSON O. AGBOSASA,

Plaintiff, Appellant,

v.

DAVID A. COOPER, 

Defendant, Appellee.

 __________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, 
U.S. District Judge
]

___________________

Before

Torruella, Cyr and Boudin,

Circuit Judges
.

___________________

Samson O. Agbosasa
 on brief pro se.

Scott A. Lutes
 on brief for appellee.

__________________

__________________

Per Curiam
. 
This is a 
pro
 
se
 appeal from a district court order dismissing appellant's legal malpractice suit for lack of subject matter jurisdiction and failure to state a federal claim. We affirm.

Appellant-plaintiff, Samson O. Agbosasa, retained the appellee-defendant, David A. Cooper, to defend him in a criminal prosecution on federal charges of filing false claims for federal income tax refunds and making false representations regarding a social security number. Appellant was convicted and sentenced. Appellant has now sued appellee for "legal malpractice, ineffective assistance and knowing and wilful deprivation of Agbosasa's liberty, rights, privileges and immunities secured by the constitution and laws of the United States." He seeks compensatory and punitive damages.

The complaint states that the action "arises under the Deceptive Trade Act and consumer protection Act, USC Title 15, and the Sixth Amendment of the United States Constitution." The district court granted appellee's motion to dismiss for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. The district court order of dismissal accepted the Report and Recommendation of Magistrate Judge recommending dismissal. That report concluded that appellant's Sixth Amendment claim was "an impermissible attempt to collaterally attack plaintiff's conviction" and that Title 15 could not "by any stretch of the imagination, be construed to cover the claims of legal malpractice the plaintiff has alleged."

Nor has appellant successfully stated a claim under the Sixth Amendment. Even if appellee had been appointed by the court, which he was not, his representation of appellant would not have been "under color of state law." 
See
 
Polk County
 v. 
Dodson
Jackson
 v. 
Salon
, 614 F.2d 15, 16-17 (1st Cir. 1980). In this case, where appellee was retained by appellant, appellee certainly did not act under color of state law so as to invoke the Sixth Amendment. 
See
 
Oyegbola
 v. 
Murray
, 791 F. Supp. 334 (D. Mass. 1992) (dismissing Sixth Amendment claim in attorney malpractice action on the grounds that "a court-appointed attorney does not act under color of state law, so as to invoke [the Sixth Amendment].").

Although appellant also claims diversity jurisdiction in his brief, this issue was not raised below. Therefore, we will not address appellant's diversity claim for the first time on appeal. 
See
, 
e.g.
, 
Puleio
 v. 
Vose
, 830 F.2d 1197, 1202 (1st Cir. 1987), 
cert
. 
denied
, 485 U.S. 990 (1988). The district court opinion dismissing this case for lack of subject matter jurisdiction is 
affirmed
.