USCA1 Opinion

 

 June 14, 1993 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ___________________ ___________________ No. 92-2421 No. 92-2421 SAMSON O. AGBOSASA, SAMSON O. AGBOSASA, Plaintiff, Appellant, Plaintiff, Appellant, v. v. DAVID A. COOPER, DAVID A. COOPER, Defendant, Appellee. Defendant, Appellee. __________________ __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ___________________ ___________________ Before Before Torruella, Cyr and Boudin, Torruella, Cyr and Boudin, Circuit Judges. Circuit Judges. ______________ ___________________ ___________________ Samson O. Agbosasa on brief pro se. Samson O. Agbosasa on brief pro se. __________________ Scott A. Lutes on brief for appellee. Scott A. Lutes on brief for appellee. ______________ __________________ __________________ __________________ __________________ -2- -2- Per Curiam. This is a pro se appeal from a Per Curiam. ___________ ___ __ district court order dismissing appellant's legal malpractice suit for lack of subject matter jurisdiction and failure to state a federal claim. We affirm. Appellant-plaintiff, Samson O. Agbosasa, retained the appellee-defendant, David A. Cooper, to defend him in a criminal prosecution on federal charges of filing false claims for federal income tax refunds and making false representations regarding a social security number. Appellant was convicted and sentenced. Appellant has now sued appellee for "legal malpractice, ineffective assistance and knowing and wilful deprivation of Agbosasa's liberty, rights, privileges and immunities secured by the constitution and laws of the United States." He seeks compensatory and punitive damages. The complaint states that the action "arises under the Deceptive Trade Act and consumer protection Act, USC Title 15, and the Sixth Amendment of the United States Constitution." The district court granted appellee's motion to dismiss for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. The district court order of dismissal accepted the Report and Recommendation of Magistrate Judge recommending dismissal. That report concluded that appellant's Sixth Amendment claim was "an impermissible attempt to collaterally -3- -3- attack plaintiff's conviction" and that Title 15 could not "by any stretch of the imagination, be construed to cover the claims of legal malpractice the plaintiff has alleged." We agree that appellant's complaint fails to state a federal claim. Appellant sought to amend his complaint to specifically claim jurisdiction under sections 1125 and 1117 of Title 15. Those sections, however, concern the advertisement of goods and services in interstate commerce ( 1125) and recovery for the violation of rights under 1125 and federal patent and trademark laws ( 1117). The district court correctly determined that neither section can be construed to cover appellant's legal malpractice claims. Nor has appellant successfully stated a claim under the Sixth Amendment. Even if appellee had been appointed by the court, which he was not, his representation of appellant would not have been "under color of state law." See Polk ___ ____ County v. Dodson, 454 U.S. 312, 325 (1981); Jackson v. Salon, ______ ______ _______ _____ 614 F.2d 15, 16-17 (1st Cir. 1980). In this case, where appellee was retained by appellant, appellee certainly did not act under color of state law so as to invoke the Sixth Amendment. See Oyegbola v. Murray, 791 F. Supp. 334 (D. Mass. ___ ________ ______ 1992) (dismissing Sixth Amendment claim in attorney malpractice action on the grounds that "a court-appointed attorney does not act under color of state law, so as to invoke [the Sixth Amendment]."). -4- -4- Although appellant also claims diversity jurisdiction in his brief, this issue was not raised below. Therefore, we will not address appellant's diversity claim for the first time on appeal. See, e.g., Puleio v. Vose, 830 ___ ____ ______ ____ F.2d 1197, 1202 (1st Cir. 1987), cert. denied, 485 U.S. 990 ____ ______ (1988). The district court opinion dismissing this case for lack of subject matter jurisdiction is affirmed. ________ -5- -5-