**Fernando Carrasquillo VILLARAN, Plaintiff,**

v.

**Migdalia Caratini SOTO, Defendant.**

**No. CIV. 05–2195(JAF).**

United States District Court, D. Puerto Rico.

Dec. 14, 2005.

Ortho's Reply (docket No. **82**).

Fernando Carrasquillo–Villaran, Guayama, PR, pro se.

### OPINION AND ORDER

FUSTE, Chief Judge.

The court has before it Plaintiff Fernando Carrasquillo Villarán's pro-se complaint in forma pauperis against Defendant Migdalia Caratini Soto under 42 U.S.C. § 1983, claiming that he was denied effective assistance of counsel, in violation of the Sixth Amendment to the United States

Constitution, while being represented by Caratini in a criminal prosecution. *Docket Document No. 1.* Among Villarán's allegations is that Caratini did not appeal his case and challenge the illegal sentence originally imposed against him. *Docket Document No. 2.* Villarán is still incarcerated, but the incorrect sentence has since been amended. *Id.*

Section 1983 is a federal statute providing for injunctive relief and the recovery of damages against individuals who deprive a plaintiff of rights, privileges or immunities secured by the Constitution of the United States. 42 U.S.C. § 1983 (2003 & Supp. 2005).

Section 1983's application, however, is limited to acts occurring "under color of state law." *See Id.; Nelson v. Campbell,* 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

The proposed complaint is insufficient because Caratini was not acting under color of state law when she worked as Carrasquillo's personal lawyer. Even if we were to assume that Caratini was court-appointed (something that is not clear from Carrasquillo's complaint), the First Circuit has stated that a court-appointed attorney does not act under color of state law within the meaning of § 1983 when representing a defendant. *Budnick v. Barnstable Cty. Bar Advocates, Inc.,* 989 F.2d 484, 1993 WL 93133 (1st Cir.1993); *Jackson v. Salon,* 614 F.2d 15, 16–17 (1st Cir.1980) (listing numerous other circuits that take the same position). "The reason for this position is that court appointed counsel works primarily for the benefit of

his indigent client and only indirectly for the benefit of the state and society in general." *Jackson*, 614 F.2d at 17.

 In accordance with the foregoing, we **DISMISS** Plaintiff's complaint. 28 U.S.C. § 1915(e)(2)(B)(3) (1994 & Supp. 2005) ("[T]he court shall dismiss the case at any time if the court determines that... the action or appeal... fails to state a claim on which relief may be granted."). Generally speaking, in forma pauperis complaints should not be dismissed without first providing the plaintiff with notice and an opportunity to respond, but here the claim is based on such an indisputably meritless legal theory, no response could possibly cure it, and summary dismissal is therefore proper. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Griffiths v. Amtrak*, 106 Fed.Appx. 79, 80 (1st Cir.2004).

**IT IS SO ORDERED.**