Norma I. ACEVEDO–VILLALOBOS,
et al., Plaintiffs, Appellants,

v.

Hon. Rafael HERNANDEZ, et
al., Defendants, Appellees.

No. 93–1544.

United States Court of Appeals,
First Circuit.

Heard March 10, 1994.

Decided April 28, 1994.

Jesus Hernandez–Sanchez, with whom Hernandez–Sanchez Law Firm was on brief, for appellants.

Fidel A. Sevillano Del Rio, Asst. U.S. Atty., with whom Guillermo Gil, U.S. Atty., Donnie R. Murray, Deputy Regional Counsel, U.S. Dept. of Housing and Urban Development, and Teresa Pombo, Chief Counsel, U.S. Dept. of Housing and Urban Development, were on brief, for appellees, U.S., et al.

Vannessa Ramirez–Kausz, Asst. Sol. Gen., for the Com. of P.R., with whom Carlos Lugo–Fiol, Deputy Sol. Gen., was on brief, for appellee, Com.

Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

BOWNES, Senior Circuit Judge.

 This appeal raises a procedural question of first impression in our circuit: whether the dismissal of a complaint, which does not explicitly dismiss the action, constitutes a "final decision[ ]," and is therefore

appealable under 28 U.S.C. § 1291.[1] We rule in the affirmative, holding that the plaintiffs had both the right to appeal from the judgment dismissing their complaint and the duty to do so in a timely manner. Because plaintiffs' appeal was not timely, we lack jurisdiction to review the dismissal of the complaint. Furthermore, we conclude that appellate jurisdiction is lacking over the district court's denial of plaintiffs' first motion for postjudgment relief, and that their second such motion was untimely, and therefore properly denied by the district court. Accordingly, we affirm.

## I.

### BACKGROUND

Plaintiffs-appellants are, for the most part, former employees of the Puerto Rico Public Housing Administration (PRPHA). On May 2, 1992, PRPHA and the Commonwealth of Puerto Rico, acting through former governor Rafael Hernandez Colon, signed an agreement with representatives of the United States Department of Housing and Urban Development (HUD). Under the agreement, the Commonwealth and HUD agreed to take certain actions in order to expedite the privatization of the management of federally funded public housing projects in Puerto Rico, as well as the decentralization of PRPHA. The privatization provisions of the agreement are at the center of plaintiffs' claims.

The agreement committed the Commonwealth to pursue, and HUD to support, a plan to privatize federally assisted housing projects by transferring the administration and maintenance of such projects to private contractors. As a result of this privatization, a sizeable percentage of PRPHA's employees would be laid off. The agreement between HUD and PRPHA briefly addresses the plight of PRPHA's employees in a cursory manner:

> The private management process may require the elimination of positions within the present structure of the PRPHA. Employees holding said positions will receive benefits as provided by law. HUD will provide federal funding for payment of their benefits resulting from the federally funded public housing program. The Commonwealth will fund costs ineligible for federal funding.

Privatization Agreement, Art. I, § 4. In addition, PRPHA agreed to encourage private contractors to employ displaced employees. *Id.* at § 6b. Shortly thereafter, PRPHA formulated a layoff plan to comply with the relevant provisions of Puerto Rico's Public Service Personnel Act, *see* 3 L.P.R.A. § 1336(6). A layoff plan was finalized in April 1992, and the privatization agreement was set to go into effect on August 1.

On June 26, 1992 letters were sent to PRPHA employees notifying them that,

> [s]ince you are one of the persons affected by layoffs, we notify you that owing to lack of work, we have no other alternative than to decree your layoff from public service effective July 31, 1992. We advise you of your right to present arguments or documentary evidence, if any[,] which you consider will benefit you, before the designated official.

On July 15, 1992, plaintiffs filed an action in United States District Court for the District of Puerto Rico against various Commonwealth and federal agencies and officers,[2] seeking injunctive, declaratory and monetary relief.

Plaintiffs' constitutional claims against the state defendants are predicated upon 42 U.S.C. § 1983, while their constitutional claims against the federal defendants are based on the doctrine set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The major themes of plaintiffs' complaint are as follows. First, plaintiffs allege that the pri-

---

**1.** Section 1291 provides: "The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...."

**2.** The defendants in this action fall into two groups: the United States of America, HUD, and

various HUD officials (hereinafter, the "federal defendants"), and the former governor of Puerto Rico, PRPHA, and various PRPHA officials. (hereinafter, the "state defendants"). All of the individuals were sued in their official and personal capacities.

vatization agreement is invalid (and consequently that the layoffs were illegal) because it was entered into in violation of both Puerto Rico and federal law, and that the various local and federal defendants acted *ultra vires* by signing the agreement. Accordingly, plaintiffs allege that the layoffs were illegal. Next, plaintiffs allege that they had a property interest in their jobs, and that they were deprived of this property interest without due process. Finally, plaintiffs maintain that a Puerto Rico official made derogatory comments about them in public, thereby depriving them of "liberty" without due process.

On October 27, 1992, the state defendants moved to dismiss the complaint, or alternatively, for summary judgment, on a plethora of grounds including, but not limited to, the complaint's failure to state a claim upon which relief could be granted. *See* Fed. R.Civ.P. 12(b)(6). Two days later the state defendants moved to stay discovery pending the court's resolution of their dispositive motion. The court granted the requested stay.

On January 15, 1993, the district court granted the state defendants' motion to dismiss. The court stated that "[p]laintiffs' complaint fails to provide the Court with a clear idea of the contours of their claims and also fails to provide appropriate support for their allegations." *Gonzalez v. Hernandez,* No. 92–1972, slip op. at 4, 1993 WL 52807 (D.P.R. Jan. 15, 1993). According to the court, plaintiffs' complaint was "infected with conclusory allegations and unfounded accusations," *id.* at 5–6, and "insufficiently illustrate[d] the essential nature of their claim[s]." *Id.* at 4. The court dismissed

plaintiffs' complaint in its entirety, stating: "The Court therefore ORDERS that defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is hereby GRANTED and that plaintiffs' complaint is hereby DISMISSED." *Id.* at 6. On the same day the court entered judgment on a separate document, pursuant to Fed.R.Civ.P. 58 and 79(a), which stated as follows: "By virtue of the Opinion & Order of the Court, entered on this date, it is hereby ORDERED, ADJUDGED and DECREED that plaintiffs' complaint is DISMISSED." Plaintiffs filed two postjudgment motions for relief, both of which were denied. This appeal ensued.

## II.

### DISCUSSION

In their notice of appeal filed May 14, 1993, plaintiffs list four decisions of the district court from which they appeal: (1) the judgment of January 15, 1993 dismissing the complaint, and the court's opinion and order of the same date; (2) the order of November 30, 1992 granting a stay of discovery; (3) the order of March 2, 1993 denying plaintiffs' first Rule 59(e) motion for reconsideration and to amend the complaint; and (4) the order of April 19, 1993 denying plaintiffs' second Rule 59(e) motion for reconsideration.[3]

#### A. Dismissal of the Complaint

Under Fed.R.App.P. 4(a)(1), any party appealing from a judgment or order of the district court, where "the United States or an officer or agency thereof is a party," must

---

**3.** The plaintiffs asserted, at oral argument before us, that the district court had dismissed only the state defendants' claims, leaving the federal defendants' claims unresolved. Thus, appellants argued, this court should remand the case to permit the district court to comply with Fed. R.Civ.P. 54(b) (where *multiple claims or parties* are involved court may direct entry of final judgment as to one or more but fewer than all the claims or parties). At no point did plaintiffs ever assert or suggest this contention before the district court, either in their motions for reconsideration or in any of their numerous other postjudgment filings. In all events, however, their belated contention, if not waived, is without merit.

The district court unmistakably intended to dismiss the complaint *in toto,* pursuant to Fed. R.Civ.P. 12(b)(6), for failure to state a cognizable cause of action. Its opinion and order is most reasonably read as having dismissed the *entire complaint* even though it adverts only to the motion to dismiss filed by the state defendants. Furthermore, the final judgment itself expressly dismissed "the plaintiffs' complaint" *after* the federal defendants had filed their own motion to dismiss shortly before the district court entered its opinion and final judgment. We are satisfied, therefore, that plaintiffs' belated Rule 54(b) contention in no sense warrants an inference that plaintiffs were misled or the judgment was not final. Consequently, the requirements of Rule 54(b) are not implicated.

file a notice of appeal within sixty days of the date of entry of the judgment or order. Timely filing of a notice of appeal is "mandatory and jurisdictional." *Perez–Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 283 (1st Cir.1993) (quoting *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978)). In the present case, plaintiffs' notice of appeal was filed more than 100 days after entry of the judgment dismissing the complaint. But, under Fed.R.App.P. 4(a)(4), a timely motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) tolls the time for filing a notice of appeal, and the time for filing the notice starts to run from the entry of the order denying said motion. *See United States v. 789 Cases of Latex Surgeon Gloves*, 13 F.3d 12, 14 (1st Cir.1993); Fed.R.App.P. 4(a)(4). Under Rule 59(e), "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e).

Although plaintiffs' original Rule 59(e) motion was timely filed (it was served within ten days from the entry of the judgment dismissing the complaint), their notice of appeal was not filed until sixty-four days after the entry of the order denying of the motion. Thus, even with the benefit of Rule 4(a)(4)'s tolling provision, plaintiffs' notice of appeal was seemingly late. We lack jurisdiction over late appeals.

This brings us to the principal issue on appeal: Plaintiffs now argue that the judgment dismissing their complaint was not a "final decision" within the meaning of 28 U.S.C. § 1291, and that their time to file a notice of appeal did not start to run until the denial of their second motion for reconsideration. Because the notice of appeal was filed within sixty days from the entry of the order denying the second motion, plaintiffs maintain that their notice of appeal was timely with respect to the underlying judgment.

We have never ruled on this procedural dilemma. It has, however, given rise to some disagreement among those circuits that

have. Three distinct views have emerged. The Seventh and Ninth Circuits have held that the dismissal of a complaint, as opposed to the dismissal of an action, is not a final, appealable order, unless the trial court has made clear in dismissing the complaint that the action could not be saved by amendment. *See Benjamin v. United States*, 833 F.2d 669, 672 (7th Cir.1987); *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 387 (9th Cir.1966), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967). On the other hand, the Second and Eighth Circuits have held that, absent an express grant of leave to amend, an order dismissing the complaint is final and appealable. *See Weisman v. LeLandais*, 532 F.2d 308, 309 (2d Cir. 1976); *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir.1986). Finally, the Eleventh Circuit has carved out a middle ground. It has held that such an order of dismissal is not final if "the plaintiff could not have been reasonably expected to realize that the court was entering a final order." *Czeremcha v. International Ass'n of Mach. & Aero. Workers*, 724 F.2d 1552, 1555 (11th Cir.1984).

Before deciding which, if any, of these three approaches to adopt, we briefly explain the rationale underlying each. The Seventh and Ninth Circuits have held that the dismissal of a complaint is not final and appealable because a motion to dismiss is not a "responsive pleading" within the meaning of Fed.R.Civ.P. 15(a),[4] and thus a plaintiff still retains his or her right to amend once as a matter of course under Rule 15(a) even after a motion to dismiss has been granted. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *222 East Chestnut St. Corp. v. Lakefront Realty Corp.*, 256 F.2d 513 (7th Cir.), *cert. denied*, 358 U.S. 907, 79 S.Ct. 232, 3 L.Ed.2d 228 (1958).

In *Elfenbein v. Gulf & Western Indus., Inc.*, 590 F.2d 445, 448 n. 1 (2d Cir.1978), the Second Circuit explained that the split on this issue was based on the circuits' differing

---

**4.** Rule 15(a) provides, in relevant part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a

party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

views on the right to amend a complaint under Rule 15(a) once a motion to dismiss has been granted. The court stated: .

> [W]hile the law in this circuit is that a motion to dismiss is not a responsive pleading, and therefore the complaint may be amended without leave of the court [after such a motion is made], it is equally well established that this right terminates upon the granting of the motion to dismiss.

*Id.* (citations omitted). The Eighth Circuit, which shares the Second Circuit's view that the right to amend under Rule 15(a) terminates upon dismissal, found that this distinction provided support for following the Second Circuit's rule that the dismissal of a complaint was a "final decision," but did not view the distinction dispositive.[5] Ultimately, the Eighth Circuit joined the Second, reasoning as follows:

> Where matters of finality (and therefore of appellate jurisdiction) are concerned, we believe it preferable to adopt rules that promote clarity and certainty. The Second and Ninth Circuit rules have an advantage over that of the Eleventh Circuit in this regard because they focus solely on the language of the dismissal order, requiring an explicit contrary statement to avoid a presumption of finality (Second Circuit) or non-finality (Ninth Circuit). Comparing the Second and Ninth Circuit rules, that of the Second Circuit commends itself because it avoids confusion over when a plaintiff's right to amend a dismissed complaint terminates, the order becomes final, and the time for appeal begins to run.

*Quartana,* 789 F.2d at 1300.

The "intermediate approach" taken by the Eleventh Circuit was grounded in that court's desire to formulate a rule consistent with "Rule 15's liberal mandate that leave to amend be 'freely given when justice so requires,' without granting the plaintiff carte blanche power to reopen a case at will by filing an amendment." *Czeremcha,* 724 F.2d at 1554–55. Under this approach, "[a]lthough the plaintiff does not have a right to amend as a matter of course after dismissal of the complaint [*see supra* note 5], the dismissal itself does not automatically terminate the action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes dismissal of the action." *Id.* at 1554 (footnotes omitted).

We find the reasoning employed by the Eighth Circuit to be compelling, and thus adopt the approach embraced by that court and the Second Circuit. Our conclusion that the order in this case is final is strengthened by several factors. First, consistent with the Second and Eighth Circuits, a plaintiff's time to amend his or her complaint as a matter of right within the First Circuit terminates upon a district court's dismissal of the complaint. *See Jackson v. Salon,* 614 F.2d 15, 17 (1st Cir.1980). Second, the dismissal of the complaint in the present case was set forth in a separate document, as required for final judgments under Fed.R.Civ.P. 58. *See Quartana,* 789 F.2d at 1300 n. 2. Third, plaintiffs, as evidenced by their Rule 59(e) motions, apparently understood the judgment to be final. *See id.*[6] And finally, the dismissal of the complaint fits comfortably under the Supreme Court's definition of a "final decision." The Court has defined a "final decision" as one that " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373–74, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945)). A dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a decision on the merits. *See Local No. 714 v. Greater Portland Transit Dist.,* 589 F.2d 1, 6 (1st Cir.1978); *see also* 5

---

**5.** The court cited the Eleventh Circuit's opinion in *Czeremcha,* 724 F.2d at 1554–56, to illustrate this point. According to the Eleventh Circuit, after a complaint is dismissed the right to amend under Rule 15(a) terminates. But the dismissal does not act as a final judgment, and the plaintiff may still move the court for leave to amend unless the "court has clearly indicated either that no amendment is possible or that dismissal of the

complaint also constitutes dismissal of the action." *Id.* at 1556 n. 6.

**6.** Thus, it appears that plaintiffs have constructed their present argument after the fact in an attempt to preserve appellate review of the dismissal of their complaint.

James W. Moore et al., *Moore's Federal Practice* ¶ 41.14 at 41–170 (2d ed. 1993). Here the complaint was dismissed by the district court for failure to state a claim, and judgment was then entered on the docket and set forth on a separate document in accordance with Fed.R.Civ.P. 58 and 79(a). Accordingly, the dismissal of plaintiffs' complaint possesses all of the markings of a "final decision."

In short, we hold that when a district court uses the words, "The complaint is dismissed," without expressly granting the plaintiff leave to amend, this is a "final decision" from which a timely appeal may be taken. Because there was not a timely appeal taken by plaintiffs we lack appellate jurisdiction over their attack on the dismissal of the complaint.

■ Plaintiffs also argue that the second motion to reconsider, which was served within 10 days of the denial of the first motion, extended the time period for filing a notice of appeal from the dismissal of the complaint, thereby rendering the notice timely. This argument has no merit. It is well settled that a motion for reconsideration served more than ten days after the entry of judgment does not effect the time for appealing from that judgment. *See Feinstein v. Moses,* 951 F.2d 16, 18 (1st Cir.1991); Fed.R.App.P. 4(a)(4); *see also* 6A Moore, *supra* ¶ 59.13[3] at 59–282 ("A [second] motion for reconsideration that is served more than ten days after the entry of judgment has no effect upon appeal time, which runs from the entry of the original order denying ... an alteration or amendment of the judgment."). Because plaintiffs' second motion for reconsideration was served two months after entry of the judgment dismissing the complaint, it was untimely under Rule 59(e), and did not toll the appeal period for that judgment. *See Jusino v. Zayas,* 875 F.2d 986, 989 (1st Cir. 1989).[7]

**B.** *Postjudgment Motions for Reconsideration*

■ Where, as here, a complaint is dismissed without leave to amend, the plaintiff can appeal the judgment, or alternatively, seek leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or 60. Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a). *See Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 781 (1st Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *see also* 3 Moore *supra* ¶ 15.10 at 15–107 ("[A]fter a judgment of dismissal plaintiff must move under Rules 59(e) or 60(b) to reopen the judgment."); 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1489 at 692–93 (1990) ("[O]nce judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60.").

On February 1, 1993, within ten days of the entry of judgment, plaintiffs served a motion for reconsideration and/or to alter or amend the judgment pursuant to Rule 59(e), together with a motion to amend the complaint accompanied by a proposed amended complaint.[8] On February 12, plaintiffs filed a document entitled "Supplemental Arguments to our Motion for Reconsideration." These supplemental arguments were an expansion of several arguments made by plaintiffs in the Rule 59(e) motion. On February 26, federal defendants filed a response to plaintiffs' supplemental arguments. Finally, on March 3, the district court denied plaintiffs' motion for reconsideration, effectively denying their motion for leave to amend the complaint. The court declined to address plaintiffs' supplemental arguments, indicating that they were "moot." [9]

---

7. In addition, plaintiffs appeal from the district court's decision to stay discovery pending the resolution of the state defendants' motion to dismiss or for summary judgment. As a result of the foregoing discussion, we lack jurisdiction over this appeal.

8. The motion also cites Rule 60(b)(6) but identifies no "extraordinary circumstances" that might bring this provision into play. *Vargas v. Gonzalez,* 975 F.2d 916, 917–18 n. 1 (1st Cir.1992).

9. Plaintiffs do not appeal from the court's order declining to address the supplemental arguments.

On March 15, 1993, plaintiffs filed a second motion for reconsideration under Rule 59(e). We note that plaintiffs' second motion for reconsideration did not specifically invoke Rule 59(e), or for that matter, any federal rule. Nonetheless, we have consistently held that " 'a motion which ask[s] the court to modify its earlier disposition of the case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e).' " *Feinstein*, 951 F.2d at 19 n. 3 (quoting *Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1513 (1st Cir.1991)); *789 Cases of Latex Surgeon Gloves*, 13 F.3d at 14 ("[A] post judgment motion asking the court to change its disposition *solely* because of legal error must be brought under Rule 59(e)." (emphasis in original)). Where, as here, the motion sought to set aside the court's prior rulings solely on the basis of alleged legal errors, it is properly treated as a motion brought under Rule 59(e).

On April 21, the district court denied the second motion to reconsider and warned plaintiffs that it would no longer entertain motions for postjudgment relief. Plaintiffs appeal from the district court's orders denying both postjudgment motions. We have consistently held that an order denying a Rule 59(e) motion challenging the judgment constitutes a "judgment," and is therefore appealable separately from the appeal of the underlying judgment. *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 485 n. 6 (1st Cir.1993); *Fiore v. Washington Cty. Com. Mental Health Ctr.*, 960 F.2d 229, 233 (1st Cir.1992).

■ In this case, plaintiffs' original Rule 59(e) motion was timely, *i.e.*, it was served within ten days of the judgment, excluding intermediate weekends and holidays, as required by Fed.R.Civ.P. 6(a). But plaintiffs' notice of appeal was not filed until sixty-four days after the denial of this motion, and therefore the notice was untimely. *See supra* pages 386–87. Plaintiffs argue, however, that their second Rule 59(e) motion (served within ten days of the denial of the original Rule 59(e) motion) extended the time period within which to file a notice of appeal from the order denying the original motion. *Id.*[10]

Because the notice of appeal was filed within sixty days from the entry of the order denying the second motion, plaintiffs conclude that the notice was timely with respect to both postjudgment motions. We disagree.

Although it was entitled "Motion for Reconsideration of the Last Decision Issued and Entered by the Honorable Court," plaintiffs' second Rule 59(e) motion was an obvious attempt to have the district court revisit the legal basis for its January 15, 1993 opinion and order dismissing the complaint. In their second motion to reconsider, plaintiffs merely elaborated on various legal arguments that were addressed, albeit in less detail, in their original Rule 59(e) motion. Thus, plaintiffs not only requested the same relief in the second Rule 59(e) motion as they did in the first, including, *inter alia*, that (1) "[t]he judgment dismissing the complaint be set aside," and (2) "[d]iscovery proceedings be allowed to continue," they sought that relief on the same grounds. Accordingly, plaintiffs' second Rule 59(e) motion must be viewed as a motion to reconsider the judgment dismissing the complaint. *See Echevarria–Gonzalez v. Gonzalez–Chapel*, 849 F.2d 24, 26 (1st Cir.1988) (" 'nomenclature should not be exalted over substance' " (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir.1982))).

Because plaintiffs' second Rule 59(e) motion to reconsider was, in reality, a motion to reconsider the judgment dismissing the complaint, and it was untimely (not served within 10 days of entry of the judgment), the district court was without jurisdiction to grant it. *Vargas*, 975 F.2d at 918; *Rodriguez–Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2–3 (1st Cir.1989). Furthermore, the untimely second motion to reconsider could not enlarge the time for filing a notice of appeal from the order denying the original motion to reconsider. *See Feinstein*, 951 F.2d at 18; Fed.R.App.P. 4(a)(4).

Therefore, to the extent that plaintiff challenges the March 3, 1993 order denying the original Rule 59(e) motion, the appeal is dismissed for lack of appellate jurisdiction. To

---

**10.** We have already determined that plaintiffs' second Rule 59(e) motion did not extend the time for filing a notice of appeal from the dismissal of the complaint. *See supra* p. 389.

the extent that they seek to challenge the April 19, 1993 order denying the second Rule 59(e) motion, the order is affirmed.

The judgment of the district court is *Affirmed.*