60 F.3d 822
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Mark Anthony JOHNSON, Plaintiff-Appellant,
v.
GREEN FRONT FURNITURE COMPANY, INCORPORATED, Defendant-Appellee.
 No. 94-2228.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1995.
Decided: July 7, 1995.
 
 Mark Anthony Johnson, Appellant Pro Se. Samuel M. Brock, III, Gerard Joseph Roerty, Jr., Mays & Valentine, Richmond, VA, for Appellee.
 Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mark Johnson appeals from the district court's order denying his motion for reconsideration of the court's earlier order granting defendant Green Front Furniture Company, Incorporated's (Green Front) motion for summary judgment in this civil action alleging that Green Front discriminated against Johnson based on his race and disability. We note that, while the district court found that it lacked jurisdiction to grant Johnson's motion because it was untimely under Federal Rule of Civil Procedure 59(e), Johnson's "letter of reconsideration" did not state whether it was filed pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Because the motion for reconsideration was filed nearly four weeks after the district court's summary judgment order, it would be untimely if construed as a Rule 59(e) motion, but timely if construed as a Rule 60(b) motion, although in either case it would not provide this Court with authority to review the underlying summary judgment order. See Acevedo-Villalabos v. Hernandez, 22 F.3d 384, 389-90 (1st Cir.1994). See also Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264-65, 268-69 (1978). Construction of the motion as a Rule 60(b) motion, however, would provide this Court with jurisdiction to review the court's denial of the motion for an abuse of discretion. Id. at 263 n. 7.
 
 
 2
 Even assuming, however, that Johnson's motion should have been construed as a Rule 60(b) motion, we find that the district court did not abuse its discretion by denying the motion. Relief is not authorized under Rule 60(b) where the motion raises no new arguments, but merely requests the district court to "change its mind." See United States v. Williams, 674 F.2d 310, 312-13 (4th Cir.1982). Johnson's motion provided no new grounds for relief, but merely reflected his disagreement with the court's decision. Thus, the district court's order denying the motion stated that denial was required not only because the motion was untimely, but also for the reasons previously stated in the court's summary judgment order.
 
 
 3
 Because the court's finding precludes the possibility of relief under Rule 60(b), we find that any possible error committed by the court in construing Johnson's motion as a Rule 59(e) motion rather than a Rule 60(b) motion was harmless. Accordingly, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and would not aid the decisional process.
 
 AFFIRMED