[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT

 

No. 97-1370

 MANUEL GONZALEZ-FIGUEROA, ET AL.,

 Plaintiffs, Appellants,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Daniel R. Dominguez, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 

 Aldrich and Coffin, Senior Circuit Judges. 

 

 Jesus Hernandez Sanchez and Hernandez Sanchez Law Firm on 
brief for appellants.
 Frank W. Hunger, Assistant Attorney General, Guillermo Gil, 
United States Attorney, Robert S. Greenspan and E. Roy Hawkens, 
Attorneys, Appellate Staff, United States Department of Justice,
and Jacklyn L. Ringhausen, Associate Field Counsel, United States 
Department of Housing and Urban Development, on brief for
appellee.

 

 September 12, 1997

 

 Per Curiam. The plaintiffs in this case, most of whom Per Curiam. 

are former employees of the Puerto Rico Public Housing

Administration (PRPHA), have been struggling since 1992 first to

block, and now to secure money damages for, the privatization of

certain aspects of the public housing program in Puerto Rico.1

Their current initiative represents an effort to obtain damages

under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b),

2671-2680 (1994). When the United States Department of Housing

and Urban Development (HUD) denied their timely administrative

claim, 28 U.S.C. 2675, the plaintiffs filed suit in the

district court and later amended their complaint. The government

responded by filing a motion for dismissal. On February 25,

1997, the district court dismissed the plaintiffs' amended

complaint for want of subject matter jurisdiction. See Gonzalez- 

Figueroa v. United States, No. 94-2761, 1997 WL 117750 (D.P.R. 

Feb. 25, 1997). This appeal ensued.

 We have carefully read the parties' briefs, evaluated

their legal arguments, and studied the papers in the case. We

conclude, on whole-record review, that this is a suitable case in

which to act upon our long-held belief that "when a lower court

produces a comprehensive, well-reasoned decision, an appellate

court should refrain from writing at length to no other end than

to hear its own words resonate." Lawton v. State Mut. Life 

Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996); accord In 
  

 1The underlying facts are limned in an earlier opinion of
this court. See Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 
385 (1st Cir. 1994).

 2

re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st 

Cir. 1993). Hence, we affirm the judgment for substantially the

reasons set forth in the lower court's discussion of the

discretionary function exception to the FTCA. See Gonzalez- 

Figueroa, 1997 WL 117750, at *5-7. We add only a small coda. 

 It is not our role to pass judgment upon the wisdom (or

lack of wisdom) of the housing policies which PRPHA and HUD have

decided to follow. Rather, our role, in the context of this

appeal, is to determine only whether HUD (the federal agency

involved) had the statutory authority to enter into the

challenged agreement with PRPHA and whether it acted within the

realm of its discretion when it exercised that authority. See 

Magee v. United States, No. 96-2357, 1997 WL 419551, at *3 (1st 

Cir. July 31, 1997). Because these questions must be answered in

the affirmative,2 for the reasons already elucidated by the court

below, the FTCA's discretionary function exception, 28 U.S.C. 

2680(a), bars the maintenance of the plaintiffs' action. See 

Magee, 1997 WL 419551, at *3. After all, a complaint under the 

FTCA cannot survive a motion to dismiss if it alleges only the

sort of statutory conduct that is plainly grounded in the policy

imperatives of an applicable regulatory regime. See United 

States v. Gaubert, 499 U.S. 315, 324-25 (1991); Berkovitz v. 

  

 2We have considered and rejected, as a matter of statutory
interpretation, the plaintiffs' argument that, under 42 U.S.C. 
1437d(j)(3)(A), the Secretary of HUD was required to declare
PRPHA in "substantial default" before entering into an agreement
that permits privatization. The text of the statute simply will
not bear the weight that the plaintiffs load upon it.

 3

United States, 486 U.S. 531, 536-37, (1988); United States v. 

Varig Airlines, 467 U.S. 797, 814 (1984). 

 In any event, as the district court also recognized,

Gonzalez-Figueroa, 1997 WL 117750, at *4, the absence of a 

comparable cause of action against a private individual precludes

FTCA liability here.

 We need go no further. The judgment below is summarily

affirmed. See 1st Cir. R. 27.1. 

 Affirmed. No Costs. Affirmed. No Costs. 

 4