USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 97-1370 MANUEL GONZALEZ-FIGUEROA, ET AL., Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Aldrich and Coffin, Senior Circuit Judges. _____________________ _________________________ Jesus Hernandez Sanchez and Hernandez Sanchez Law Firm on ________________________ ___________________________ brief for appellants. Frank W. Hunger, Assistant Attorney General, Guillermo Gil, _______________ _____________ United States Attorney, Robert S. Greenspan and E. Roy Hawkens, ___________________ ______________ Attorneys, Appellate Staff, United States Department of Justice, and Jacklyn L. Ringhausen, Associate Field Counsel, United States _____________________ Department of Housing and Urban Development, on brief for appellee. _________________________ September 12, 1997 _________________________ Per Curiam. The plaintiffs in this case, most of whom Per Curiam. __________ are former employees of the Puerto Rico Public Housing Administration (PRPHA), have been struggling since 1992 first to block, and now to secure money damages for, the privatization of certain aspects of the public housing program in Puerto Rico.1 Their current initiative represents an effort to obtain damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671-2680 (1994). When the United States Department of Housing and Urban Development (HUD) denied their timely administrative claim, 28 U.S.C. 2675, the plaintiffs filed suit in the district court and later amended their complaint. The government responded by filing a motion for dismissal. On February 25, 1997, the district court dismissed the plaintiffs' amended complaint for want of subject matter jurisdiction. See Gonzalez- ___ _________ Figueroa v. United States, No. 94-2761, 1997 WL 117750 (D.P.R. ________ ______________ Feb. 25, 1997). This appeal ensued. We have carefully read the parties' briefs, evaluated their legal arguments, and studied the papers in the case. We conclude, on whole-record review, that this is a suitable case in which to act upon our long-held belief that "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life ______ ________________ Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996); accord In _________________ ______ __  ____________________ 1The underlying facts are limned in an earlier opinion of this court. See Acevedo-Villalobos v. Hernandez, 22 F.3d 384, ___ __________________ _________ 385 (1st Cir. 1994). 2 re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st __________________________________________ Cir. 1993). Hence, we affirm the judgment for substantially the reasons set forth in the lower court's discussion of the discretionary function exception to the FTCA. See Gonzalez- ___ _________ Figueroa, 1997 WL 117750, at *5-7. We add only a small coda. ________ It is not our role to pass judgment upon the wisdom (or lack of wisdom) of the housing policies which PRPHA and HUD have decided to follow. Rather, our role, in the context of this appeal, is to determine only whether HUD (the federal agency involved) had the statutory authority to enter into the challenged agreement with PRPHA and whether it acted within the realm of its discretion when it exercised that authority. See ___ Magee v. United States, No. 96-2357, 1997 WL 419551, at *3 (1st _____ ______________ Cir. July 31, 1997). Because these questions must be answered in the affirmative,2 for the reasons already elucidated by the court below, the FTCA's discretionary function exception, 28 U.S.C.  2680(a), bars the maintenance of the plaintiffs' action. See ___ Magee, 1997 WL 419551, at *3. After all, a complaint under the _____ FTCA cannot survive a motion to dismiss if it alleges only the sort of statutory conduct that is plainly grounded in the policy imperatives of an applicable regulatory regime. See United ___ ______ States v. Gaubert, 499 U.S. 315, 324-25 (1991); Berkovitz v. ______ _______ _________  ____________________ 2We have considered and rejected, as a matter of statutory interpretation, the plaintiffs' argument that, under 42 U.S.C.  1437d(j)(3)(A), the Secretary of HUD was required to declare PRPHA in "substantial default" before entering into an agreement that permits privatization. The text of the statute simply will not bear the weight that the plaintiffs load upon it. 3 United States, 486 U.S. 531, 536-37, (1988); United States v. _____________ ______________ Varig Airlines, 467 U.S. 797, 814 (1984). ______________ In any event, as the district court also recognized, Gonzalez-Figueroa, 1997 WL 117750, at *4, the absence of a _________________ comparable cause of action against a private individual precludes FTCA liability here. We need go no further. The judgment below is summarily affirmed. See 1st Cir. R. 27.1. ___ Affirmed. No Costs. Affirmed. No Costs. ________ ________ 4