**In re FLIGHTTIME CORPORATION,**
Debtor.

Charles J. Dugan, Plaintiff–Appellant,

v.

Wyvern Aviation Consulting Ltd., Wyvern Consulting, Ltd., Walter D. Lamon III, Joseph G. Butler, Trustee, Defendants–Appellees.

BAP No. MB 03–015.
Bankruptcy No. 02–14861–WCH.
Adversary No. 02–1377–WCH.

United States Bankruptcy Appellate Panel of the First Circuit.

Nov. 24, 2003.

Charles J. Dugan, pro se.

Donald A. Nogowski, Earp Cohn P.C., Pennsauken, NJ, on brief, for the Appellees Wyvern Consulting Ltd. and Walter D. Lamon III.

Jeffrey J. Cymrot, Sassoon & Cymrot LLP, Andover, MA, on brief, for the Appellee Joseph G. Butler, Trustee.

Before De JESÚS, CARLO, and DEASY, U.S. Bankruptcy Appellate Panel Judges.

PER CURIAM.

Charles J. Dugan ("Dugan") appeals an order of the United States Bankruptcy Court for the District of Massachusetts, denying without comment, Dugan's motion to amend an adversary complaint. For the reasons set forth below, we affirm.

## I. JURISDICTION AND STANDARD OF REVIEW

■ The United States Bankruptcy Appellate Panel for the First Circuit (the "Panel") has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(a) and (b). Generally, an order denying a motion to amend a complaint is reviewed for abuse of discretion. *Watson v. Deaconess Waltham Hosp.*, 298 F.3d 102, 109 (1st Cir.2002).

## II. BACKGROUND

FlightTime Corporation ("FlightTime") acquired Wyvern Ltd. ("Wyvern I") in March of 2000. To complete the acquisition, all of the assets of Wyvern I were purchased by a wholly owned subsidiary of FlightTime, which subsequently became Wyvern Aviation Consulting Ltd. ("Wyvern II"). Dugan was an employee of Wyvern I and subsequently an employee of Wyvern II until August of 2001.

In April of 2002, Dugan filed a complaint against FlightTime, two employees of FlightTime and Wyvern II in the United States District Court for the District of New Jersey, for failure to contribute to a 401(k) plan, failure to respond to written requests for the Summary Plan Description and for unpaid commissions. FlightTime filed a voluntary petition under Chapter 7 on June 28, 2002 and the New Jersey District Court administratively terminated the New Jersey litigation as to FlightTime and stayed the proceedings as to the other defendants.

On August 28, 2002, Joseph G. Butler (the "Trustee"), acting for FlightTime, as the sole shareholder of Wyvern II, sold all of the assets of Wyvern II to a newly formed corporation, Wyvern Consulting Ltd. ("Wyvern III"). The Trustee did not

seek authorization from the bankruptcy court to complete the sale and did not provide notice to FlightTime's creditors. Walter D. Lamon III ("Lamon") is the president and sole shareholder of Wyvern III. Lamon had also been the owner of Wyvern I, the president of Wyvern II and a shareholder and vice president of Flight-Time. Wyvern III assumed most of the liabilities of Wyvern II, but disavowed liability for a debt to FlightTime, compensation claims by employees of Wyvern II and any liability arising from Wyvern II employee participation in FlightTime's profit sharing plan. The disavowed liability included Dugan's claims.

On October 9, 2002, Dugan filed an adversary complaint against Wyvern II, Wyvern III, Lamon and the Trustee seeking to avoid the sale of Wyvern II's assets to Wyvern III as a fraudulent transfer. On November 18, 2002, Wyvern III and Lamon filed a motion to dismiss the complaint for lack of jurisdiction and failure to state a claim. On the same date, the Trustee also filed a motion to dismiss on the same grounds. Dugan filed an opposition on December 4, 2002.

At a hearing held on December 18, 2002, at which Dugan was present, the bankruptcy court concluded that the assets of Wyvern II were not property of Flight-Time. The bankruptcy court concluded that it did not have jurisdiction because Wyvern II, Wyvern III and Lamon were not debtors before the court. The bankruptcy court concluded that because it did not have jurisdiction over any of the counts of the complaint, the motions to dismiss would be granted. On the same date, the bankruptcy court entered a separate order granting the motions to dismiss.

On December 30, 2002, Dugan filed a motion for reconsideration of the order of dismissal. On January 6, 2003, the bankruptcy court denied the motion. The bankruptcy court also gave a separate notice of dismissal of the complaint on January 15, 2003. Dugan did not appeal the dismissal or the denial of the motion for reconsideration. On January 21, 2003, Dugan filed a motion to amend the complaint to include a claim for avoidance of a post petition transfer of property of the estate pursuant to 11 U.S.C. § 549. The Trustee filed an opposition on January 31, 2003. The bankruptcy court denied the motion to amend on February 12, 2003. On February 20, 2003, Dugan filed a notice of appeal of the denial of the motion to amend the complaint.

On appeal, Dugan claims that the bankruptcy court abused its discretion in denying his motion for leave to amend the complaint without explanation. Dugan also raises numerous issues regarding the bankruptcy court's findings and conclusions made at the hearing on the motions to dismiss.

## III. DISCUSSION

■ The Federal Rules of Civil Procedure provide that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a), made applicable by Fed. R. Bankr.P. 7015. Notwithstanding this liberal amendment policy, the United States Court of Appeals for the First Circuit (the "First Circuit") has squarely held that after a complaint is dismissed, it is too late for a plaintiff to amend a complaint as a matter of right. *Jackson v. Salon*, 614 F.2d 15, 17 (1st Cir.1980). Likewise, the First Circuit has held that a final, appealable judgment results whenever a district court dismisses a complaint without ex-

pressly granting the plaintiff leave to amend the complaint. *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir. 1994), *cert. denied,* 513 U.S. 1122, 115 S.Ct. 925, 130 L.Ed.2d 804 (1995). "If leave to amend is contemplated, we require an express judicial statement to that effect because doing so 'avoids confusion over when a plaintiff's right to amend a dismissed complaint terminates, the order becomes final, and the time for appeal begins to run.'" *Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 628 (1st Cir.2000) (citing *Acevedo–Villalobos,* 22 F.3d at 388 (quoting *Quartana v. Utterback,* 789 F.2d 1297, 1300 (8th Cir.1986))).

In *Acevedo–Villalobos,* the defendants sought dismissal of the plaintiffs' complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the motion to dismiss. The district court entered a judgment on a separate document on the same date. The plaintiffs filed a timely motion for reconsideration and sought to amend the complaint, which was denied. Within ten days of the denial of the first motion for reconsideration, the plaintiffs filed a second motion for reconsideration, which was denied. The plaintiffs then appealed the dismissal, the denial of the motions for reconsideration and the denial of the motion to amend.

The First Circuit concluded that the second motion for reconsideration did not effect the time for appealing the order of dismissal. *Acevedo–Villalobos,* 22 F.3d at 389. The court concluded that the dismissal order was final. *Id.* at 388. The court considered that the dismissal order was entered on a separate document, as required by Fed.R.Civ.P. 58. *Id.* Moreover, the court considered that because the plaintiffs filed a motion for reconsideration of the dismissal under Fed.R.Civ.P. 59(e), they "apparently understood the judgment to be final." *Id.* Third, the dismissal fit

comfortably within the Supreme Court's definition of a "final decision" as one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quoting *Catlin v. U.S.,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

■ Because the plaintiffs did not file a timely appeal of the judgment of dismissal or the denial of the original motion for reconsideration, the First Circuit lacked appellate jurisdiction over an attack on the dismissal of the complaint. *Id.* at 389. The First Circuit held that the plaintiffs "had both the right to appeal from the judgment dismissing their complaint and the duty to do so in a timely manner." *Id.* at 385. The court reiterated its previous holding in *Jackson,* stating that " . . . a plaintiff's time to amend his or her complaint as a matter of right within the First Circuit terminates upon a district court's dismissal of the complaint." *Id.* at 388 (citing *Jackson,* 614 F.2d at 17). In discussing the availability of leave to amend a complaint after dismissal, the court stated:

> Where, as here, a complaint is dismissed without leave to amend, the plaintiff can appeal the judgment, or alternatively, seek leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or 60. Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a). *See Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 781 (1st Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *see also* 3 Moore *supra* ¶ 15.10 at 15–107 ("[A]fter a judgment of dismissal plaintiff must move under Rules 59(e) or 60(b) to reopen the judgment."); 6 Charles A. Wright & Arthur R. Miller[, & Mary K. Kane], *Federal Practice and Procedure* § 1489 at 692–93 (1990) ("[O]nce judg-

ment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60.").

*Acevedo–Villalobos,* 22 F.3d at 389. Accordingly, after a complaint is dismissed, a plaintiff must appeal or obtain relief from the order of dismissal for the trial court to have jurisdiction over a motion to amend the complaint.

■ In the present case, Dugan filed his complaint against Wyvern II, Wyvern III, Lamon and the Trustee. Wyvern III, Lamon and the Trustee did not file responsive pleadings, but rather filed motions to dismiss for failure to state a claim and for lack of jurisdiction. Dugan was present at the hearing held on the motions on December 18, 2002. At the hearing, the bankruptcy court granted the motions to dismiss after finding that it did not have jurisdiction over any of the defendants, specifically mentioning Wyvern II and Wyvern III, nor did it have jurisdiction over any of the counts of the complaint. Although Wyvern II did not appear in the proceeding, it was clear from the bankruptcy court's findings and conclusions that the court was dismissing the entire proceeding. The bankruptcy court entered a separate order on the same date granting the motions to dismiss, as is required for final judgments under Fed. R.Civ.P. 58, made applicable by Fed. R. Bankr.P. 9021. The bankruptcy court did not expressly grant Dugan the right to amend his complaint in the order of dismissal. There can be no doubt from the bankruptcy court's findings and order that the dismissal was a "final decision" which ended the litigation on the merits and left

nothing for the court to do but execute the judgment.

■ Dugan sought timely reconsideration of the dismissal of the complaint under Fed.R.Civ.P. 59(e), made applicable by Fed. R. Bankr.P. 9023, and it was denied by the bankruptcy court on January 6, 2003. In seeking reconsideration of the dismissal, Dugan demonstrated an understanding that the complaint had been dismissed and that it was a final order. Moreover, the bankruptcy court sent a separate notice of dismissal of the complaint. Pursuant to Fed. R. Bankr.P. 8002, Dugan had ten days from January 6, 2003, to appeal the dismissal and the denial of the motion for reconsideration. Dugan failed to appeal and the order of dismissal and the order denying his motion for reconsideration became firm, final and unappealable.[1] After the order of dismissal was final, on January 21, 2003, Dugan sought to amend his complaint. The proposed amended complaint again seeks relief against the Trustee, Wyvern III and Lamon, who were clearly dismissed from the proceeding.

■■ Dugan argues that he is not appealing the dismissal of the complaint or the denial of the motion for reconsideration, but only the denial of the motion for leave to amend. This Panel concludes that because the order of dismissal was final when Dugan filed his motion for leave to amend his complaint, there was nothing to amend. Dugan's right to amend his complaint terminated when the time to appeal the denial of the motion for reconsideration of the dismissal expired. The bankruptcy court did not have jurisdiction over the motion to amend. Likewise, the Panel lacks appellate jurisdiction over an attack

---

1. Because Dugan did not appeal the dismissal, we do not consider his objections to the bankruptcy court's finding that the assets of Wyvern II were not property of FlightTime's bankruptcy estate or the conclusion that the bankruptcy court lacked jurisdiction over all the defendants and all counts of the complaint.

on the dismissal of the complaint. Thus, postjudgment relief is not available to Dugan and without it, the bankruptcy court did not have the power to grant Dugan's motion to amend his complaint.[2] *See Acevedo–Villalobos,* 22 F.3d at 389.

### IV. CONCLUSION

The bankruptcy court properly denied Dugan's motion to amend his adversary complaint. Accordingly, we AFFIRM the bankruptcy court's order denying the motion to amend.

---

**2.** We note that the result would be the same if under some conceivable interpretation, Dugan's complaint remained viable as to Wyvern II, after the dismissal as to the other defendants. Prior to the adversary proceeding, all of the assets of Wyvern II were sold. In the original and in the proposed amended complaint, Dugan requested relief against Wyvern III, Lamon and the Trustee, all of whom were no longer parties to the proceeding. Under this scenario, any amendment of the complaint as to Wyvern II would have been futile.