Kern, Leila R., J.
INTRODUCTION
The plaintiffs, Edwin A. McCabe and Karren Kelly McCabe, filed this breach of contract action against the defendants, Craig J. Ziady and RiemeR&Braunst- *245 ein, LLP, to recover damages they allegedly sustained in reliance upon a promise made to them by Ziady. This matter is before this court on the defendants’ Motion for Summary Judgment. For the reasons discussed below, the motion is ALLOWED.
BACKGROUND
The undisputed facts are as follows.
The McCabes formerly resided on a houseboat called the Esperaunce. The boat was owned by TMG Holdings LLC and was Holdings’ sole asset. Edwin’s law ñrm, The McCabe Group (TMG), held 99% membership interest in Holdings while Edwin personally held 1%.
Both TMG and Edwin filed for Chapter 11 bankruptcy protection on September 3, 2003. Some three months later, on December 19, 2003, the boat sustained damage when it came into contact with the wake of a tugboat owned by Dann Ocean Towing, Inc. Holdings filed for Chapter 11 on February 20, 2004. Although Holdings’ bankruptcy estate included both the boat and a claim against Dann for damage to it, Dann’s insurance carrier paid the McCabes $95,230.95 to settle any damage claims against Dann.
By mid-February 2005, all three bankruptcies— TMG’s, Edwin’s, and Holdings’ — had been converted from reorganization (Chapter 11) to liquidation (Chapter 7) proceedings. The Bankruptcy Court appointed Joseph Braunstein Trustee over each of the estates. Braunstein, through Ziady as counsel, filed suit against the McCabes on February 28, 2005 (the Adversary Case) seeking turnover of the settlement money.
On October 26, 2005, Ziady informed Edwin that Braunstein was considering accepting an offer he had received on the boat, and that if Braunstein decided to move forward, “there will be a sale motion, with the customary counter-offer procedures, etc., of which you will certainly be provided notice.” Braunstein entered into a purchase and sale agreement the next day, and the Bankruptcy Court allowed his motion for permission to sell the boat on November 29, 2005. Braunstein and the buyer subsequently consummated the sale.
On May 23, 2006, Braunstein filed a suit in Admiralty against Dann in U.S. District Court seeking to recover for the wave wash damages to the boat. On September 18, 2006, Dann asserted a third-party claim against the McCabes seeking indemnification for the payment made to them for damage to the boat. In response, the McCabes filed a Counterclaim against Braunstein for conversion and breach of fiduciary duty, and a fourth-party Complaint against Ziady for negligent misrepresentation based on the McCabes’ failure to receive notice of the sale. The District Court consolidated the Adversary Case with the Admiralty Case on December 12, 2006.
Finding that Ziady owed the McCabes no duty, the District Court dismissed the McCabes’ fourth-party Complaint against Ziady on February 13, 2007, for failure to state a claim upon which relief could be granted. The same day, pursuant to the Barton Doctrine, the District Court gave the McCabes sixty days to seek permission from the Bankruptcy Court to proceed with their Counterclaim against Braunstein in the Consolidated Case in the District Court. On April 11, 2007, the Bankruptcy Court withheld its permission advising the McCabes that all suits against Braunstein as Trustee must be pursued in the Bankruptcy Court.
On September 9, 2007, the McCabes filed suit in this court against Ziady and RiemeR&Braunstein alleging detrimental reliance, i.e., breach of contract based on a theory of promissory estoppel. This court denied Ziady and R&B’s prior Motion to Dismiss on February 26, 2008. On April 29, 2008, the District Court entered final judgment on all claims raised in the Consolidated Case including that court’s dismissal of the McCabes’ fourth-party Complaint against Ziady. The McCabes filed a Notice of Appeal to the First Circuit Court of Appeals from that Judgment on May 27, 2008.
DISCUSSION
Summary judgment is appropriate when there are no genuine issues of material fact and, viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. Brooks v. Peabody & Arnold, 71 Mass.App.Ct. 46, 50 (2008); Gray v. Giroux, 49 Mass.App.Ct. 436,438 (2000). See Mass.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of affirmatively demonstrating that there are no genuine issues of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). To meet this burden, a moving party who would not bear the burden of proof at trial may either submit affirmative evidence negating an essential element of the nonmoving party’s case or show that the nonmoving party would have no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). To withstand summary judgment, the nonmoving party must articulate specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. Bare assertions or conclusions regarding an individual’s understandings and assumptions are insufficient. Polaroid Corp. v. Rollins Envtl. Servs., 416 Mass. 684, 696 (1993).
In support of their Motion for Summary Judgment, Ziady and R&B essentially renew the arguments they first presented in their Motion to Dismiss: that the McCabes’ claim in the instant case falls within the exclusive jurisdiction of the Bankruptcy Court; that the claim is barred by the doctrine of res judicata; and that, even if the claim could be heard, there is no genuine dispute of material fact and Ziady and R&B are entitled to judgment as a matter of law based on the McCabes’ inability to prove several essential elements of their case at trial — namely, that Ziady intended to induce reliance on the part of the McCabes when he told them they would “certainly be provided notice,” and that the McCabes’ reliance on that representation was reasonable.
*246 The McCabes argue several bases upon which this court should deny Ziady and R&B’s motion. They contend that this court has already considered and rejected Ziady and R&B’s failure to state a claim and lack of subject matter jurisdiction arguments in its denial of Ziady and R&B’s Motion to Dismiss; that res judicata is not a bar to their claim as there is no prior final judgment on the merits, i.e., the McCabes never had a full and fair opportunity to litigate the issue of detrimental reliance; and that Ziady and R&B have made egregious procedural errors.
I. Subject Matter Jurisdiction
At the Motion to Dismiss stage, this court found that this case did not appear to fall within the exclusive jurisdiction of the Bankruptcy Court for two reasons: 1) the Trustee was not a named defendant, and 2) the Complaint did not allege that the named defendants were acting on the Trustee’s behalf. The Order states; “(w]hen facts outside the complaint are appropriately considered, such as at the summary judgment or trial stage, it may be that the agency doctrine compels the result the defendants seek.”
Trial court judges commonly decline to revisit the previous decisions of other judges in the same case and accept such decisions as “law of the case.” “Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided.” Peterson v. Hopson, 306 Mass. 597, 599 (1940) (citing Nerbonne v. New Eng. S.S. Co., 288 Mass. 508, 510 (1934)). However, “a second judge does have the power to rule differently from the first judge [at least until entry of final judgment in the case] on a ‘case, an issue, or a question of fact or law once decided’ in order to reach a just result." Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 554 (1987) (citing Salter v. Scott, 363 Mass. 396, 401-02 (1973)).
This court declines to revisit its previous ruling as Ziady and R&B’s Motion for Summary Judgment on the basis of its lack of subject matter jurisdiction and accompanying materials raise no facts which would lead this court to rule differently.
II. Res Judicata
In its February 26, 2008, Order on Defendants’ Motion to Dismiss, this court found that Ziady and R&B’s argumentthat res judicata barred the McCabes’ claim failed because no final judgment had yet entered on the District Court’s dismissal of the McCabes’ negligent misrepresentation claim against Ziady. Thereafter, the District Court entered final judgment on that claim. Thus, this court must consider anew whether the doctrine of res judicata bars the McCabes’ claim for detrimental reliance.
“ ‘Res judicata’ is the generic term for various doctrines by which a judgment in one action has a binding effect in another. It comprises ‘claim preclusion’ and ‘issue preclusion.’ ” Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). “When a State court is faced with the issue of determining the preclusive effect of a Federal court’s judgment, it is the Federal law of res judicata which must be examined.” Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 449 (1982).
A. Claim Preclusion
Under the Federal law of claim preclusion, final judgment on the merits of an action bars the parties or their privies from relitigating claims that were or could have been raised in that action. Porn v. Nat’l Grange Mut. Ins. Co., 93 F.3d 31, 34(1stCir. 1996) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). For claim preclusion to apply, the party asserting it must show: “(1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits.” Aunyx Corp. v. Canon USA Inc., 978 F.2d 3, 6 (1st Cir. 1992) (citing Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991)).
1. Final judgment on the merits in an earlier action.
It is well-settled in the First Circuit that dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a decision on the merits. Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994). When it disposes of all claims against all parties, such a dismissal meets the United States Supreme Court’s definition of a “final decision” because it “ends the litigation on the merits and leaves nothing for the courts to do but execute the judgment.” See AVX Corp. v. Cabot Corp., 424 F.3d 28, 31-32 (1st Cir. 2005); Acevedo-Villalobos, 22 F.3d at 388 (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-74 (1981)).
On February 13, 2007, the District Court dismissed the McCabes’ fourth-party Complaint against Ziady for negligent misrepresentation in the Consolidated Case on the grounds that it failed to state a claim upon which relief could be granted. The District Court entered judgment on all claims including the court’s dismissal of the McCabes’ fourth-party Complaint on April 29, 2008. Thus, because the District Court’s dismissal of the McCabes’ Complaint was both on the merits and a final decision, Ziady and R&B have met the first element of claim preclusion.
2. Identity of parties or privies in the two suits.
There is clearly identity of parties with regard to Ziady, who the McCabes named as a defendant in both their fourth-party Complaint in the Consolidated Case and their Complaint in the instant case. However, R&B, which is a named defendant in the instant case, was not a party to the Consolidated Case. The question, then, is whether the prior suit should be given preclusive effect in the second action, which involves at least one different party.
Under the modern Federal doctrine of “nonmutual claim preclusion,” a person who was not named a party-in a prior action is permitted to raise the defense of claim preclusion in a subsequent suit if the party against whom it is asserted had a full and fair opportunity for judicial resolution of the same issue. See Blonder-Tongue *247 Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 328-29 (1971). Consistent with this standard, the First Circuit has found persuasive such iterations as: “claim preclusion is appropriate... if the new defendants have a close and significant relationship with the original defendants” and “preclusion is appropriate ‘only if the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance[.]’ ” In re El San Juan Hotel Corp., 841 F.2d 6, 10, 10 n.8 (1st Cir. 1988) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §4464, at 589 (1981)).
The McCabes’ fourth-party Complaint for negligent misrepresentation in the Consolidated Case alleged that Ziady had made a misrepresentation to them in the course of his business as an attorney and identified Ziady as a senior partner at R&B. The McCabes’ Complaint for detrimental reliance in the instant case asserts that R&B is liable for Ziady’s actions, i.e., making the representation that certain notice would be provided and then not providing the notice, either because Ziady acted with R&B’s authority or apparent authority. If R&B authorized Ziady’s representation, or gave the appearance of authorizing Ziady’s representation, R&B shared a significant relationship with Ziady. R&B could have been, and should have been, included in the first action if it shared culpability for the wrongdoing alleged there. Thus, Ziady and R&B have shown sufficient identify of parties to meet the second element of claim preclusion.
3. Identity of the cause of action in both the earlier and later suits.
In the First Circuit, a valid and final judgment in one action will extinguish subsequent claims “with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.” Manego v. Orleans Bd. of Trade, 773 F.2d 1, 5 (1st Cir. 1985) (quoting Restatement (Second) of Judgments §24 (1982)). “Although a set of facts may give rise to multiple counts based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action.” Apparel Art Int’l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583-84 (1st Cir. 1995). To determine whether facts form a common nucleus, the court considers such factors as “whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations.” §24.
An analysis of these factors suggests that both the McCabes’ negligent misrepresentation claim, asserted in the Consolidated Case, and their detrimental reliance claim, asserted in the instant case, arise out of the same nucleus of operative facts. Both claims stem from Ziady’s representation that the McCabes would be notified prior to sale of the boat. Both claims form a convenient trial unit as there would be substantial overlap in the presentation of witnesses, documents, and other evidence. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass’n, 142 F.3d 26, 38 (1st Cir. 1998) (quoting Porn, 93 F.3d at 36). The parties’ expectations further suggest the appropriateness of treating the claims as a single cause of action; at the time they brought their negligent misrepresentation claim, the McCabes knew all the facts necessary to bring their detrimental reliance claim. See In re Iannochino, 242 F.3d 36, 49 (1st Cir. 2001). Thus, Ziady and R&B have shown sufficient identity of the causes of action in both suits to meet the third element of claim preclusion.
As Ziady and R&B have met their burden to prove all three elements of the defense, claim preclusion bars the McCabes’ claim for detrimental reliance in the instant case and the defendants’ Motion for Summary Judgment must be allowed.
B. Issue Preclusion
As the doctrine of claim preclusion bars the McCabes’ detrimental reliance claim, this court need not consider the application of the narrower doctrine of issue preclusion.[3]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion for Summary Judgment is ALLOWED.

 Moreover, in light of this bar, this court declines to consider whether the McCabes would be able to prove the essential elements of their claim at trial and whether Ziady and R&B’s procedural errors warrant denial of their motion.