Michael **NAYLOR**

v.

Bruce **MAROLD.**

No. 86–484–Appeal.

Supreme Court of Rhode Island.

June 21, 1988.

Eugene F. Toro, Toro Law Associates, Providence, for plaintiff.

Sanford M. Kirshenbaum, Providence, for defendant.

## OPINION

FAY, Chief Justice.

In this case the defendant appeals the Superior Court's denial of his motion to vacate a default judgment. We reverse.

The parties in this case are two feuding neighbors. On August 7, 1984, plaintiff, Michael Naylor (Naylor), filed a complaint in Kent County Superior Court against defendant, Bruce Marold (Marold), alleging that Marold had cut down shrubs on his property and had threatened to cut down more trees, shrubs, and portions of his stockade fence. Responding to this complaint, Marold filed an answer and a counterclaim, which asserted that Naylor had trespassed on his property, had assaulted Marold and his children, and had interfered with Marold's attempt to erect a fence on his own property. Both parties sought equitable relief and damages.

On September 6, 1984, the Superior Court entered a consent order enjoining Marold from cutting down or interfering with the disputed trees, shrubbery, or fence. The order simultaneously enjoined Naylor from assaulting Marold. No further action was taken on this case until March 18, 1985, when Marold's attorney moved to withdraw as counsel. In support

of this motion, the attorney stated that Marold refused to cooperate and refused to pay his legal fees. The Superior Court justice granted counsel's motion to withdraw on March 27. In addition to granting the motion, the trial justice conditionally ordered that Marold would be in default on April 25, 1985, unless prior to that time he either entered an appearance *pro se* or had an attorney enter on his behalf. Marold did not respond to this order. The record does not contain an entry of this default, yet Marold was presumably adjudged in default.

A default-judgment hearing for Naylor's proof of claim for damages, from which Marold was absent, was held on October 24, 1985. The parties dispute whether Marold was sent notice of this hearing. In his written order the justice held that the testimony supported the entry of a default judgment against Marold for $7,229.

After the entry of the default judgment, Marold obtained new counsel. On November 26, 1985, this attorney entered an appearance with Superior Court and filed a motion to vacate the default judgment. The trial justice denied the motion. Marold appealed the denial of the motion to this court. He argues that the entry of a default judgment was improper because there were no grounds for the default on April 25, 1985. Conversely he argues that if the initial default was proper, the entry of the $7,229 default judgment was void because Naylor did not give Marold notice of the hearing pursuant to Rule 55(b) of the Superior Court Rules of Civil Procedure. Finally, Marold contends that the entry of the default judgment precludes the adjudication of his counterclaim. This court agrees with Marold's first argument and finds it unnecessary to address the remaining arguments.

The conditional-default order entered on March 27, 1985, and effective on April 27, 1985, was improperly issued. Rule 55 of the Superior Court Rules of Civil Procedure governs defaults.[1] As we noted in

1. Rule 55 of the Superior Court Rules of Civil Procedure provides in pertinent part as follows:

"Default.—(a) *Entry*. When a party against whom a judgment for affirmative relief is

*Medeiros v. Hilton Homes, Inc.,* 122 R.I. 406, 408–09, 408 A.2d 598, 599 (1979), this rule embraces two steps. Rule 55(a) provides for the entry of a default. Rule 55(b) provides for the entry of a default judgment for the relief sought by the claimant. For the first step Rule 55(a) provides that the clerk is authorized to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend himself as provided by these rules * * *." Thus in order to be in default Marold must have failed either to plead or otherwise to defend his case.

 The record indicates that Marold answered Naylor's complaint. Therefore, he met the pleading requirement and could only be defaulted if he failed "otherwise to defend his case as provided by these rules" of procedure. The record indicates that until March 25, 1985, Marold had properly defended his action. When his original counsel withdrew, the justice ordered that Marold had to enter an appearance or be defaulted. The justice did not have the authority to issue a conditional-default order compelling such compliance. None of the rules of procedure, including Rule 55, gave the justice the authority to enter a default for this reason. Marold had neither an obligation to defend the motion for withdrawal nor a procedural obligation to come forward with another entry of appearance. Therefore, the initial default order is void.

The defendant's appeal is sustained. The matter is remanded to the Superior Court for further proceedings consistent with this opinion.

---

sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

(b) *Judgment.* Judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, guardian ad litem, or such other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any such matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute."