**Pablo URENA**

v.

**THETA PRODUCTS, INC., d/b/a Sprague Industries.**

No. 2004–291–Appeal.

Supreme Court of Rhode Island.

June 2, 2006.

Martin S. Malinou, Esq., Providence, for Plaintiff.

Stanley F. Pupecki, Esq., for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

### OPINION

Justice FLAHERTY, for the Court.

The plaintiff, Pablo Urena, appeals after a Superior Court magistrate granted summary judgment in favor of the defendant, Theta Products, Inc., d/b/a Sprague Industries (Theta). In October 1998, Urena was employed by Worker's Mania, Inc., a tem-

porary employment agency. During a temporary work assignment at Theta, he injured his finger while using a power press. As a result of this injury, Urena received workers' compensation benefits from the insurer of Worker's Mania. He later filed suit against Theta, alleging that his injury was the result of its negligence or the negligence of one of its employees. Theta moved for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, contending that it was immune from suit by Urena under G.L.1956 § 28–29–20 of the Workers' Compensation Act. A hearing magistrate agreed with Theta and granted summary judgment. We affirm the judgment of the Superior Court.

## I

## Background

On October 26, 1998, Worker's Mania sent Urena on a temporary work assignment to Theta Products, Inc., a manufacturing company located in Providence. While at Theta, Urena was directed to stamp metal picture frames using a power-press machine. On his second day of employment, Urena took an afternoon coffee break. When he returned to his workstation, he noticed that a piece of metal that he had left on the press was askew. As he reached for the metal, the power press came down upon his hand, causing serious injury to one of his fingers. As a result, Urena required emergency care, surgery, and physical therapy, and he was unable to resume working until March 1999.

Urena received workers' compensation benefits for his injury from the insurance carrier for Worker's Mania, Inc. His compensation included $922.26 for nineteen weeks of disability, $421.20 for the loss of use of his finger, and $4,005 for disfigurement. The insurer also paid in excess of $5,000 for Urena's medical treatment.[1]

On October 26, 2001, Urena filed suit against Theta, alleging that it failed to provide a safe workplace and that it was negligent in its maintenance of the power press. Theta's response was less than prompt, and it did not file its answer until December 5, 2001, which was several days past the twenty-day answer period set forth in Rule 12(a) of the Superior Court Rules of Civil Procedure. Notwithstanding this untimely response, a Superior Court justice denied Urena's motion for entry of default because Theta had filed its answer before the default motion was filed. The justice further reasoned that because the court was "very liberal" in removing defaults, it would be futile to enter a default, only to remove it later.

As the litigation pressed forward, Urena sought an explanation for Theta's untimely answer through interrogatories propounded under Rule 33 of the Superior Court Rules of Civil Procedure. Theta responded with an objection, stating that the information was irrelevant and protected by the attorney work-product privilege. Urena filed a motion to compel a more responsive answer, but the motion never was argued and passed from the calendar.

In July 2004, a Superior Court magistrate granted summary judgment in Theta's favor. The court held that because Theta was a special employer, Urena's right to recover for his injury was limited to his workers' compensation claim. After summary judgment was granted, Urena renewed his motion to compel a more responsive answer to the interrogatory about Theta's untimely answer. The magistrate denied this motion, reasoning that the

---

1. The details of Urena's compensation benefits are not entirely clear from the record; however, Theta does not dispute the figures set forth in Urena's brief.

court no longer had jurisdiction and that the grant of summary judgment in Theta's favor had rendered the discovery issue moot. After this ruling, Urena filed a notice of appeal.

This case came before the Supreme Court for oral argument on May 2, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the record and the parties' memoranda, we are of the opinion that this appeal may be decided at this time without further briefing or argument.

## II

### Standard of Review

■ "This Court reviews a grant of summary judgment on a *de novo* basis, with the contours of our review shaped by the same standards that apply to a trial justice." *Plunkett v. State*, 869 A.2d 1185, 1187 (R.I.2005). Thus, we must examine the pleadings, memoranda, affidavits, and relevant portions of the record in a light most favorable to the nonmoving party. *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I.1998). A party who opposes summary judgment has a duty to establish that a genuine issue of material fact exists and may not rest solely upon allegations and denials in the pleadings. *Id.*

## III

### Analysis

On appeal, Urena claims four errors. First, he maintains that summary judgment should not have been granted because a factual dispute exists about whether Theta paid Worker's Mania for the cost of his services. Urena contends that without proof of payment, Theta did not qualify as a special employer and that it therefore was not immune from suit under the

Workers' Compensation Act. Second, he argues that the Superior Court erred when it denied his motion to default Theta for failing to file a timely answer to the complaint. Third, he maintains that the magistrate should have granted his motion for a more responsive answer. Finally, Urena contends that because his injury took place after a coffee break, Theta was not immune from suit because the break was an employer-sponsored social event. We consider each of these arguments below.

### A. Theta's Status as a Special Employer

■ Urena argues that summary judgment was not appropriate in this case because Theta was unable to establish that it had paid Worker's Mania for its services. He says that this is a material fact that precludes summary judgment because, according to him, Theta did not qualify as a special employer and was not immune from suit in the absence of such payment.

■ Section 28–29–20 provides that an injured employee's workers' compensation benefits are an exclusive remedy "in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer." The practical effect of this provision is that an employer is immune from suit when an injured employee is entitled to recovery under the Workers' Compensation Act. *Sorenson v. Colibri Corp.*, 650 A.2d 125, 128–29 (R.I.1994). This provision, however, does not prevent an injured employee from seeking recovery from an entity that is not immune from suit under § 28–29–20. *Sorenson*, 650 A.2d at 128.

The language of § 28–29–20 applies to "employer[s]." In *Sorenson*, 650 A.2d at 131, we held that the Legislature intended this term to include both "general employers" and "special employers," the former

term referring to temporary worker agencies, and the latter term referring to the companies that use their services. Section 28–29–2(6) of the Workers' Compensation Act defines these terms as follows:

"(i) 'General employer' includes but is not limited to temporary help companies and employee leasing companies and means a person who for consideration and as the regular course of its business supplies an employee with or without vehicle to another person.

"(ii) 'Special employer' means a person who contracts for services with a general employer for the use of an employee, a vehicle, or both.

"(iii) Whenever there is a general employer and special employer wherein the general employer supplies to the special employer an employee and the general employer pays or is obligated to pay the wages or salaries of the supplied employee, then, notwithstanding the fact that direction and control is in the special employer and not the general employer, the general employer, if it is subject to the provisions of the Workers' Compensation Act or has accepted that Act, shall be deemed to be the employer as set forth in subdivision (5) of this section and both the general and special employer shall be the employer for purposes of §§ 28–29–17 and 28–29–18."

The appellant contends that Theta does not meet the definition of a special employer because there is no evidence that it paid Worker's Mania for its services. He therefore maintains that Theta is not immune from suit. This argument, however, fails to recognize that there is nothing in the language of § 28–29–2 that requires proof of payment to establish one's status as a special employer. On the contrary, the plain language of § 28–29–2 says that one's status as a special employer arises by virtue of a "contract" with the general employer for the "use of an employee." Section 28–29–2(6)(ii).

Moreover, there is nothing in our holding in *Sorenson* that requires proof of payment to establish one's status as a special employer. In that case, the injured employee, Sorenson, worked for Temp Pro, a temporary employment agency, and he was injured while working for Colibri Corporation during a temporary work assignment. We stated that "it must be presumed that Colibri paid Temp Pro a higher rate for Sorenson's services than Temp Pro, in turn, paid to Sorenson." *Sorenson*, 650 A.2d at 130. We further presumed that a portion of this higher rate was used to cover the cost of workers' compensation insurance, and therefore "Sorenson [was] suing the party that paid for his workers' compensation benefits." *Id.*

We see no discernible difference between the facts leading to our holding in *Sorenson* and the case presently before us. In his memorandum, Urena quotes *Sorenson* to support his argument that Colibri's status as a special employer hinged on the fact that it "paid for [the employee's] workers' compensation benefits." *Sorenson*, 650 A.2d at 130. However, this quote is completely out of context; the significance of payment in *Sorenson* was not that proof of payment is required to qualify as a special employer. Rather, our discussion of payment simply was intended to underscore our concern that allowing a party to bring suit against an employer when he is covered by workers' compensation is contrary to legislative intent. This rationale applies with equal force in the present case, with or without proof of payment.

Notwithstanding our conclusion that one's status as a special employer is not contingent upon proof of payment to the general employer, it is significant to note that a sworn affidavit from Theta's presi-

dent states that he is "the person most knowledgeable of Pablo Urena's employment at Theta," and that Theta "paid Worker's Mania for plaintiff's services." This affidavit is competent evidence that Theta had contracted with Worker's Mania for Urena's services, thus bringing Theta within the statutory definition of "special employer." Section 28–29–2(6)(ii). Urena has failed to rebut this evidence, and we therefore hold that he has failed to sustain his burden of establishing a genuine issue of material fact that would preclude summary judgment. *See Ardente v. Horan*, 117 R.I. 254, 257–58, 366 A.2d 162, 164 (1976) (party opposing summary judgment has affirmative duty to demonstrate genuine issue of fact and cannot rest upon conclusory allegations).

## B. Motion for Entry of Default

■ Urena next contends that a Superior Court justice improperly denied his motion to enter default. He says that this motion should have been granted because Theta filed its answer to the complaint seventeen days after the twenty-day period allowed under Rule 12(a).

Rule 55(a) of the Superior Court Rules of Civil Procedure governs the entry of defaults, providing as follows:

> "When a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend* as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." (Emphasis added.)

Thus, the application of this rule is predicated upon a party's failure to "plead or otherwise defend." Here, however, Theta filed its answer to the complaint on December 5, 2001—tardy, but well in advance of Urena's motion for entry of default, which was filed on January 28, 2002. Because Urena's motion was filed *after* Theta

had pleaded and asserted its defense, we hold that his motion for entry of default was properly denied. *See Naylor v. Marold*, 542 A.2d 662, 664 (R.I.1988) (justice lacked authority to enter default because party's answer to complaint satisfied pleading requirement).

## C. Motion to Compel

■ The appellant next contends that the magistrate should have granted his motion to compel a more responsive answer to an interrogatory asking Theta to explain its reasons for filing an untimely answer. As noted above, Urena's motion for entry of default was properly denied on procedural grounds. Therefore, Theta's reasons for filing a late answer are wholly irrelevant. We further note that this discovery issue is rendered moot by our holding that Theta was entitled to summary judgment.

## D. Immunity from Suit

Urena's final argument on appeal is that Theta is not immune from suit because his injury was occasioned by his participation in an employer-sponsored social activity, namely, an afternoon coffee break.

General Laws 1956 § 28–33–2.1 of the Workers' Compensation Act provides as follows:

> "**Injuries occasioned by employer sponsored, non-work related activities.** No compensation shall be allowed for the injury or death of an employee occasioned by or during his or her voluntary participation in employer sponsored social or non-professional athletic activity; provided, that the foregoing provision shall not bar the right of an employee to recover against an employer for tortious misconduct."

■ The essence of this provision is that an employee who is injured during an employer-sponsored social event is not enti-

tled to recover workers' compensation benefits, but nevertheless may bring an action in tort against the employer. However, Urena cites no authority, nor are we aware of any authority, to support the proposition that a coffee break qualifies as an employer-sponsored social event. To interpret § 28–33–2.1 this way would require us to deviate from the plain language of the statute and significantly expand its reach well beyond the General Assembly's intent. For these reasons, we reject Urena's argument that Theta was not immune from suit.

## IV

### Conclusion

For the foregoing reasons, we affirm the magistrate's grant of summary judgment in favor of the defendants. The record shall be remanded to the Superior Court.