**Supreme Court**

No. 2011-397-M.P.
(PC 11-558)

Dawn L. Huntley                    :

v.                    :

State of Rhode Island et al.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Dawn L. Huntley         :

v.         :

State of Rhode Island et al.     :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** This case, arising from allegations of employment discrimination, is before the Court on a writ of certiorari. The State of Rhode Island seeks review of the Superior Court's denial of its motion to dismiss and denial of its motion for summary judgment.[1] The plaintiff, Dawn L. Huntley (plaintiff or Ms. Huntley), filed suit against the state alleging statutory claims under the Rhode Island Fair Employment Practices Act (FEPA), the Rhode Island Civil Rights Act (RICRA), and the Rhode Island Whistleblowers' Protection Act (WPA). The state asserts that these claims should be barred by the doctrine of <u>res judicata</u> because Huntley previously had filed a nearly identical suit in the United States District Court for the District of Rhode Island (federal court), which action was dismissed by that court. Further, the state argues that Ms. Huntley's amended complaint was not timely filed and, that, therefore the additional named defendants were not properly before the court.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not summarily be decided. After

---

[1] Although the state filed a motion to dismiss or, in the alternative, a motion for summary judgment, the Superior Court order states "Defendants' Motion to Dismiss and Motion for Summary Judgment is Denied."

reviewing the record and considering the parties' written and oral submissions, we are satisfied that the issues may be resolved without further briefing or argument. For the reasons set forth in this opinion, we quash the judgment of the Superior Court.

## I

### Facts and Procedural History

The plaintiff, Ms. Huntley, is a fifty-six-year-old African-American woman who was employed as a prosecutor by the Rhode Island Office of the Attorney General from 1999 until 2008. During this time, Ms. Huntley alleges that she was subjected to a pattern of discriminatory treatment, which included inappropriate and offensive remarks regarding her sex and race, as well as denial of promotion and raises. In 2006, Ms. Huntley filed an internal grievance, which was deemed unfounded. In July 2008, after returning from medical leave, Ms. Huntley was terminated from her position. In November 2008, she filed a charge of discrimination with the Rhode Island Commission for Human Rights (the commission) and, two years later, on November 3, 2010, received a notice of right to sue (notice letter) from that agency. The notice letter provided that the right to sue would be lost unless Ms. Huntley filed suit within ninety days from the date of the notice.

On April 30, 2010, prior to receiving the notice letter, Ms. Huntley filed a pro se complaint in the United States District Court for the District of Rhode Island against the Rhode Island Attorney General's Office, specifically naming Deputy Attorney General Gerald Coyne, Chief of the Criminal Division Alan Goulart, and others. Four months later, she amended the complaint to omit the majority of the individually named employees of the Office of the Attorney General, leaving as defendants the "State of Rhode Island, Rhode Island Attorney General's Office, Patrick Lynch, individually, and in their professional capacity." The said

- 2 -

defendants moved to dismiss the amended complaint, arguing that (1) Ms. Huntley was not an employee under Title VII of the Civil Rights Act of 1964, (2) she did not sufficiently allege discrimination because of her age, race, or gender, (3) Title VII does not apply to claims of age discrimination, (4) she did not plead adequate grounds for a 42 U.S.C. § 1983 action, and (5) the federal court should decline to address state law claims because workers' compensation is the exclusive remedy for a claim of intentional infliction of emotional distress and defendants were immune from suit for breach of contract. Ms. Huntley filed no objection. Subsequently, the complaint was dismissed on October 4, 2010. The judgment states that "[j]udgment is hereby entered for the defendants, State of Rhode Island, Patrick Lynch and the RI Attorney General's Office, against the plaintiff, Dawn L. Huntley, pursuant to the Order dated October 4, 2010 [granting] Defendants' Motion to Dismiss."[2] There is nothing in the judgment or order indicating whether the dismissal was made with or without prejudice.

On January 31, 2011, after receiving the right to sue letter from the commission, Ms. Huntley, now represented by counsel, filed suit in the Superior Court, naming the state of Rhode Island Office of the Attorney General as defendant and asserting claims under the FEPA, the RICRA, and the WPA. On March 24, 2011, Ms. Huntley amended that complaint to add defendants Lincoln Chafee, Peter Kilmartin, Gina Raimondo, Patrick Lynch, Gerald Coyne, and Alan Goulart.[3]

---

[2] The judgment of the federal court was submitted with this appeal. Although the judgment states "pursuant to the Order dated October 4, 2010," no copy of the order was supplied to the Superior Court. Following oral arguments before this Court, the state supplemented the record with a copy of the federal court order which states, "This matter is before the [c]ourt on Defendants' Motion to Dismiss. Plaintiff has not filed an opposition to the Motion and the time for doing so has passed. The [c]ourt, therefore, GRANTS the Motion to Dismiss."

[3] The additional defendants were sued in their official capacities, Lincoln Chafee as Governor, Peter Kilmartin as Attorney General, and Gina Raimondo as General Treasurer.

On July 11, 2011, the state filed a motion to dismiss or, in the alternative, a motion for summary judgment, arguing that Ms. Huntley's action was barred by the doctrine of res judicata because final judgment had entered against Ms. Huntley in her federal suit on essentially the same claims. Further, the state argued that the claims against Coyne and Goulart were time-barred because the amended complaint was filed after the ninety-day period allowed by the notice letter. In opposing the motion, Ms. Huntley argued, inter alia, that the federal court dismissal was not "on the merits," but rather due to a lack of jurisdiction, and thus did not bar her state court action. Ms. Huntley further asserted that the addition of Coyne and Goulart was timely because her amended complaint related back to the date of her initial complaint. Further, Ms. Huntley noted that her claims brought under the RICRA and the WPA are not subject to the ninety-day period and, thus, were timely.

A Superior Court hearing on the state's motion was held on September 13, 2011. At that time, Ms. Huntley requested that, if the hearing justice treated the motion as a motion for summary judgment, she be afforded the opportunity to present affidavits. The hearing justice stated that, for the purposes of oral argument, she would treat the motion as a motion to dismiss. At the conclusion of the hearing, the hearing justice gave the parties an opportunity to submit further briefs and materials. On November 9, 2011, the hearing justice issued a written decision holding that the state "fail[ed] to prove that [the] prior judgment was final or that it was dismissed with prejudice." The hearing justice found that, even assuming that the federal court claims were dismissed on the grounds argued in the state's memorandum of law in support of its federal court motion to dismiss, "such judgment did not go to the merits of the action and will not bar the instant action." Finally, the court held that the amended complaint related back to the

date of the original complaint, and, thus, Coyne and Goulart were timely added as defendants. The court denied both the motion to dismiss and the motion for summary judgment.

The state filed a petition for writ of certiorari on December 7, 2011, and, on February 20, 2012, this Court granted that petition. At that time, the Court directed the parties to address both the issue of res judicata and the appropriateness of the Superior Court's ruling that the amended complaint related back to the date of the original complaint with respect to the additional defendants.

## II

### Standard of Review

"This Court's review 'on writ of certiorari is limited to examining the record to determine if an error of law has been committed.'" State v. Shepard, 33 A.3d 158, 163 (R.I. 2011) (quoting State v. Faria, 947 A.2d 863, 867 (R.I. 2008)). "Questions of law * * * are not binding upon the [C]ourt and may be reviewed to determine what the law is and its applicability to the facts." Id. (quoting Faria, 947 A.2d at 867). "We reverse only when we find pursuant to the petition that the [hearing justice] committed an error of law." Id. (quoting Faria, 947 A.2d at 867).

"Generally, we decline to review on certiorari interlocutory decisions such as the denial of a motion to dismiss or the denial of a motion for summary judgment." Imperial Casualty and Indemnity Co. v. Bellini, 746 A.2d 130, 132 (R.I. 2000). When we undertake such review by certiorari, "we apply * * * the same standard as that applied in reviewing the grant of such a motion." Id. In applying the standard employed in reviewing a grant of dismissal, "we shall affirm the denial of [defendants'] motion to dismiss if [defendants have] failed to show that [plaintiff] would not be entitled to relief under any set of facts that could be proven in support of

- 5 -

[her] claim." Id.  Similarly, "[t]he grant of a motion for summary judgment is reviewed by this Court de novo, 'employing the same standards and rules used by the hearing justice.'" Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012) (quoting Generation Realty, LLC v. Catanzaro, 21 A.3d 253, 258 (R.I. 2011)).

## III

## Discussion

The state argues that the federal court judgment is a final judgment on the merits and thus the hearing justice erred in not dismissing Ms. Huntley's action on the basis of res judicata. Further, the state asserts that the amended complaint should not relate back to the date of the original complaint because Ms. Huntley's omission of two defendants was not a mistake, but rather was a tactical decision.

Ms. Huntley argues that the federal claims were dismissed for lack of jurisdiction, which is not a judgment on the merits and thus res judicata does not apply to bar her claims.  Further, she asserts that the amended complaint should relate back to the date of the original complaint because she filed the amendment prior to any responsive pleading.  Additionally, Ms. Huntley argues that relation back is not relevant to either the RICRA claim or the WPA claim, as those actions have a three-year statute of limitations.

The doctrine of res judicata bars the relitigation of all issues that "were tried or might have been tried" in an earlier action. Bossian v. Anderson, 991 A.2d 1025, 1027 (R.I. 2010) (quoting Carrozza v. Voccola, 962 A.2d 73, 78 (R.I. 2009)).  "In essence, the doctrine * * * 'serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.'" Id. (quoting In re Sherman, 565 A.2d 870, 872 (R.I. 1989)).

In order to establish identity of the parties, the parties to the earlier action must be in privity with the parties to the later action. See Lennon v. Dacomed Corp., 901 A.2d 582, 590 (R.I. 2006). Privity exists where there is "a commonality of interest[s]" such that one party adequately represents the other's interests. Id. at 591. Here, where defendants are all members of state government or employees of the Attorney General's office, they are clearly in privity with the named defendant State of Rhode Island.

Identity of issues is established where "all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation" are present in the latter suit. DiBattista v. State, 808 A.2d 1081, 1086 (R.I. 2002). Here, the facts underlying Huntley's claims are the same as those underlying her federal complaint. Accordingly, we will focus our analysis on the dispositive issue—whether the federal court dismissal operates as a final judgment on the merits.

The burden is upon the party asserting res judicata to "prove that the prior judgment on which it is relying was final." 47 Am. Jur. 2d Judgments § 648 at 222 (2006). Rule 41(b) of the Federal Rules of Civil Procedure governs the effect of involuntary dismissals; it states:

> "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."[4]

Under the United States District Court's Local Rule Cv 7(b)(1), "[a]ny party opposing a motion shall file and serve an objection not later than 14 days after service of the motion." Although Ms. Huntley received notice of defendants' federal court motion to dismiss, she did not file an

---

[4] Rule 41(b)(3) of the Superior Court Rules of Civil Procedure mirrors the language of the federal rule.

objection. Accordingly, defendants' motion was granted. Further, Ms. Huntley did not appeal the dismissal.

"The principle underlying the rule of [res judicata] * * * is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." Restatement (Second) Judgments ch. 1 at 2 (1982). This principle serves the twin aims of both judicial efficiency and finality.

> "Litigation is publicly funded dispute resolution, and the public has a right to expect that the resources of the judicial system not be wasted. The use of [res judicata] reflects confidence in the judicial system—one opportunity to litigate a claim or an issue suffices to ensure each party of her 'day in court.'" Richard D. Freer Introduction to Civil Procedure § 11.1 at 512 (2006).

Ms. Huntley argues that the dismissal should not be given preclusive effect because the merits of her claim were not reached. However, the plain language of Rule 41(b) does not require that the merits of a claim be reached in order for a dismissal to "operate[] as an adjudication on the merits." Instead, what is required is that the party had an opportunity to be heard. "[A]s long as a prior federal court judgment is procured in a manner that satisfies due process concerns, the requisite 'full and fair opportunity' existed." Massachusetts School of Law at Andover, Inc. v. American Bar Association, 142 F.3d 26, 39 (1st Cir. 1998). Ms. Huntley had such an opportunity in the federal court. She received notice of defendants' motion to dismiss and chose not to oppose it. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (citing Angel v. Bullington, 330 U.S. 183, 190 (1947); Bell v. Hood, 327 U.S. 678, 682 (1946)).

Ms. Huntley further argues that the dismissal was made on jurisdictional grounds and, thus, under Rule 41(b) is not an adjudication on the merits. We note that the hearing justice did not have access to the federal court order, only the judgment. The judgment does not reference the grounds for the dismissal, thus leaving the matter open to question. However, the order states clearly that "[p]laintiff has not filed an opposition to the [m]otion and the time for doing so has passed. The [c]ourt, therefore, [grants] the [m]otion to [d]ismiss." "Ordinarily, a dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law to this effect." AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005) (citing Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388-89 (1st Cir. 1994)). We find no basis for the argument that the case was dismissed for lack of jurisdiction, improper venue, or failure to join a party; thus, under Rule 41(b), the dismissal operates as an adjudication on the merits.

Finally, plaintiff makes the novel argument that the federal court was obligated to provide notice to her of the impending dismissal and that, absent such notice, the judgment is void. To support this argument, plaintiff offers the docket of an unrelated case in which it appears that a magistrate in the federal court gave a party notice of a pending, unanswered motion to dismiss.[5] However, it does not follow that because a judicial officer in another case chose to give particularized notice to a party, a judgment issued without such notice is void. Although a court may choose to give additional notice as a courtesy, the court's local rule requiring the filing of an objection within fourteen days after service of a motion provides all the notice that is required.

Accordingly, because we find identity of the parties, identity of the issues, and finality of judgment, we hold that the federal court judgment is entitled to preclusive effect. Because the

---

[5] We note that the plaintiff in the unrelated case that Ms. Huntley proffers as an example was pro se. Although Ms. Huntley filed her federal complaint pro se, she is an attorney with years of experience and is presumably familiar with the consequences of failing to object to a motion to dismiss.

plaintiff's claims are barred by <u>res</u> <u>judicata</u>, there is no need to address the question of whether her amended complaint relates back to the date of the initial complaint.

## IV

## Conclusion

For the reasons stated herein, we quash the judgment of the Superior Court.  The record shall be remanded to the Superior Court with our decision endorsed thereon.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   Dawn L. Huntley v. State of Rhode Island et al.

**CASE NO:**   No. 2011-397-M.P.
(PC 11-558)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   April 12, 2013

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

   Presiding Justice Alice B. Gibney

**ATTORNEYS ON APPEAL:**

   For Plaintiff:  Matthew L. Fabisch, Esq.

   For State:  Rebecca T. Partington
            Department of Attorney General