**Supreme Court**

No. 2013-253-Appeal.
(PC 11-558)

Dawn L. Huntley            :

v.                      :

State of Rhode Island et al.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Dawn L. Huntley                    :

v.                          :

State of Rhode Island et al.          :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, Dawn L. Huntley, and her attorney, Nicholas S. Gelfuso (the appellants), jointly appeal from a final judgment entered in favor of the defendants.  On appeal, the appellants contend that the hearing justice erred in:  (1) vacating the entry of default against the defendant Alan Goulart; (2) denying Ms. Huntley's applications for entry of default against the defendants Gerald Coyne and Patrick Lynch; and (3) imposing a monetary sanction upon Attorney Gelfuso pursuant to Rule 11 of the Superior Court Rules of Civil Procedure.

This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  After carefully considering the record, the memoranda submitted to this Court on behalf of the parties, and the oral arguments of counsel, we are of the opinion that cause has not been shown and that the appeal may be resolved without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

- 1 -

# I

# Facts and Travel

The factual background of this case was fully narrated in our previous opinion, which determined that the judgment of the United States District Court for the District of Rhode Island was entitled to preclusive effect pursuant to the doctrine of res judicata. See Huntley v. State, 63 A.3d 526, 531-33 (R.I. 2013) (Huntley I).[1] Accordingly, we refer the interested reader to our opinion in Huntley I, and we shall set forth herein only the facts necessary to our analysis of this most recent appeal. See id.

Undaunted by our opinion in Huntley I, which was issued on April 12, 2013, Ms. Huntley opted to take the position that her state court action was still viable because Mr. Goulart,[2] Mr. Coyne, and Mr. Lynch[3] (the individual defendants) purportedly had not pled or otherwise defended the civil action that was the subject of our earlier opinion. Accordingly, on May 20, 2013, Ms. Huntley filed an application for entry of default against Mr. Goulart. In support of that application, Attorney Gelfuso submitted an affidavit, wherein he stated that Mr. Goulart had "failed to plead or otherwise defend as to the Plaintiff's Complaint." Default entered against Mr. Goulart on May 21, 2013. A few days later, on May 23, 2013, Attorney Gelfuso informed counsel for the individual defendants, by e-mail, that he had filed an entry of default against Mr. Goulart and that he planned to file similar defaults against Mr. Coyne and Mr. Lynch.

---

[1]    In Huntley v. State, 63 A.3d 526 (R.I. 2013), we expressly stated that the federal court judgment referred to in the text hereof was "entered for the defendants, State of Rhode Island, Patrick Lynch and the RI Attorney General's Office, against the plaintiff, Dawn L. Huntley, pursuant to the Order dated October 4, 2010 [granting] Defendants' Motion to Dismiss." Id. at 529.

[2]    Mr. Goulart is now a magistrate.

[3]    At the time when this case was litigated, Mr. Lynch was the Attorney General.

Thereafter, on June 4, 2013, Ms. Huntley did in fact file applications for entry of default against Mr. Coyne and Mr. Lynch, although the clerk did not enter those two defaults. One day later, on June 5, 2013, Mr. Goulart filed a motion to set aside the entry of default against him pursuant to Rule 55(c) of the Superior Court Rules of Civil Procedure, and he also filed a motion for sanctions against Attorney Gelfuso and Ms. Huntley. Mr. Coyne and Mr. Lynch also filed objections to the pending applications for entry of default against them.

On June 19, 2013, a justice of the Superior Court heard Mr. Goulart's motion to set aside the default as well as the motion for sanctions against Attorney Gelfuso and Ms. Huntley. However, when the case was called for hearing, Attorney Gelfuso was not present in the courtroom, and he could not be located.[4] Although an attorney who was associated with Attorney Gelfuso was in the courtroom, that attorney was admittedly unprepared to argue in Attorney Gelfuso's stead. The hearing justice then proceeded to vacate the default entered against Mr. Goulart and continued the remaining matters until June 27, 2013.

On the latter date, the hearing justice heard arguments relative to Ms. Huntley's applications for default against Mr. Coyne and Mr. Lynch, in the end sustaining the objections of both men. The hearing justice stated that the record "clearly established that the defendants, Alan Goulart, Gerald Coyne, Patrick Lynch, as well as other defendants * * * not only answered but vigorously defended the claims against them." On the same date, the hearing justice also heard arguments regarding the motion for sanctions. The hearing justice then ruled that the applications for default had not been filed in good faith; accordingly, he sanctioned Attorney

---

[4] At the call of the calendar, Attorney Gelfuso had indicated that he was present and was ready to proceed.

Gelfuso in the amount of $1,000, and he sanctioned Ms. Huntley by prohibiting her from "submitting any additional pleadings in this matter."[5]

On July 8, 2013, both an order reflecting the hearing justice's decision and a final judgment in favor of defendants were entered. The appellants filed a timely joint notice of appeal.

## II

## Standard of Review

With respect to the hearing justice's decision to vacate the entry of default against Mr. Goulart, it is well settled that "the appropriate standard for the Superior Court to apply on a motion to vacate default before judgment on the default has been entered is the 'good cause' standard under Rule 55(c)." Reyes v. Providence Place Group, L.L.C., 853 A.2d 1242, 1247 (R.I. 2004).

Additionally, since appellants take issue with the hearing justice's denial of Ms. Huntley's applications for entry of default against Mr. Coyne and Mr. Lynch, we note that Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Accordingly, for the hearing justice to have erred in denying Ms. Huntley's applications, Mr. Coyne and Mr. Lynch "must have failed either to plead or otherwise to defend [the] case." Naylor v. Marold, 542 A.2d 662, 664 (R.I. 1988).

With respect to the monetary sanction against Attorney Gelfuso, Rule 11 "provides trial courts with broad authority to impose sanctions against attorneys for advancing claims without

---

[5] The appellants do not challenge on appeal the sanction against Ms. Huntley.

proper foundation * * * ." Michalopoulos v. C & D Restaurant, Inc., 847 A.2d 294, 300 (R.I. 2004). Rule 11 provides, in pertinent part, as follows:

> "Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record[.] * * * The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. * * * If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, any appropriate sanction * * *."

In fashioning an appropriate sanction, a trial justice "must do so in accordance with the articulated purpose of the rule:  to deter repetition of the harm, and to remedy the harm caused." Pleasant Management, LLC v. Carrasco, 918 A.2d 213, 217 (R.I. 2007) (internal quotation marks omitted); see also Michalopoulos, 847 A.2d at 300. Accordingly, "this Court will not reverse a trial justice's imposition of sanctions unless the trial justice has abused his [or her] discretion in imposing that sanction." Michalopoulos, 847 A.2d at 300; see also Lett v. Providence Journal Co., 798 A.2d 355, 367-68 (R.I. 2002).

## III

## Analysis

### A

### The Individual Defendants' Alleged Defaults

The appellants set forth a number of arguments to support their contention that the hearing justice erred in removing the default entered against Mr. Goulart and in declining to enter a default against Mr. Coyne and Mr. Lynch. Specifically, appellants assert:  (1) that this

- 5 -

Court's decision in <u>Huntley I</u> applied only to the state because the individual defendants did not plead or otherwise defend; and (2) that the Office of the Attorney General had no authority to represent the individual defendants.

First, the fatuousness of appellants' contention that the individual defendants failed to plead or otherwise defend in this case is made clear by even a cursory reading of <u>Huntley I</u>. In our opinion in that case, we very clearly stated: "Here, where defendants are all members of state government or employees of the Attorney General's office, they are clearly in privity with the named defendant State of Rhode Island." <u>Huntley I</u>, 63 A.3d at 531. Given that this Court's decision barring Ms. Huntley's claims on the basis of <u>res judicata</u> applies to the individual defendants, the hearing justice acted quite correctly in denying the applications for default against Mr. Coyne and Mr. Lynch and in removing the entry of default against Mr. Goulart.[6] <u>See</u> <u>Urena v. Theta Products, Inc.</u>, 899 A.2d 449, 454 (R.I. 2006); <u>see</u> <u>also</u> <u>Naylor</u>, 542 A.2d at 664.

As for appellants' contention that the Office of the Attorney General was not authorized to represent the individual defendants, we first note that this issue has no bearing on the issue of whether the individual defendants pled or otherwise defended in this civil action. Moreover, appellants do not have standing to challenge the Office of the Attorney General's representation of the individual defendants in this case. <u>See</u> <u>McKenna v. Williams</u>, 874 A.2d 217, 223 n.4 (R.I. 2005) ("We cannot presently conceive of any circumstances when it would be the role of the Superior Court or this Court to question a constitutional officer's decision to represent or decline to represent a state official who is sued in connection with his or her duties."); <u>see</u> <u>generally</u>

---

[6] While appellants gravely erred in alleging that any of the individual defendants were in default, their argument as to Patrick Lynch is especially specious—since he is expressly named in the federal court judgment upon which <u>Huntley I</u> based its ruling as to the <u>res judicata</u> effect thereof. <u>See</u> footnote one, <u>supra</u>.

Mottola v. Cirello, 789 A.2d 421, 425 (R.I. 2002) ("It is not the province of this Court, or the Superior Court, to dictate how the Attorney General elects to carry out the statutory functions of his office.").

In sum, given that Huntley I is clearly applicable to the individual defendants and that the appellants have no standing to challenge the individual defendants' representation by the Office of the Attorney General, "[t]here is nothing more to be said; this case is over." Palazzo v. Alves, 944 A.2d 144, 155 (R.I. 2008); see also Arena v. City of Providence, 919 A.2d 379, 396 (R.I. 2007) ("It is time for this litigation to end.").

**B**

**The Alleged Due Process Claims**

The appellants' additional argument that they were denied due process because the hearing justice "prejudged the matter" is utterly meritless. Since the appellants neither moved for recusal nor raised the alleged issue of bias on the record, we deem that argument to have been waived. See Krivitsky v. Krivitsky, 43 A.3d 23, 32 (R.I. 2012). Moreover, our review of the record has revealed absolutely no evidence of bias on the part of the conscientious hearing justice to whom this case was assigned.

**C**

**The Sanction**

After the hearing on June 27, 2013, the hearing justice sanctioned Attorney Gelfuso by imposing a $1,000 fine upon him pursuant to Rule 11; he levied that sanction in view of Attorney Gelfuso's statement in an affidavit that the individual defendants had "failed to plead or otherwise defend." We agree with the hearing justice that a review of the record in this case shows that the individual defendants had in fact pled and defended. As such, we conclude that

the hearing justice correctly found that Attorney Gelfuso's affidavit in support of the applications for default was not well founded in fact, was not filed in good faith, and was interposed for the improper purposes of harassing the individual defendants, causing an unnecessary delay, and needlessly increasing the cost of the litigation. See Rule 11 ("The signature of an attorney or party constitutes a certificate by the signer that * * * to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument * * *, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."). In light of Attorney Gelfuso's rather egregious misrepresentations, the hearing justice's monetary sanction of $1,000 cannot reasonably be said to be at all excessive. Accordingly, given that the hearing justice carefully reviewed the record and found that Attorney Gelfuso's filings were not well grounded, we discern no abuse of discretion in the hearing justice's sanction. See Michalopoulos, 847 A.2d at 301.

## IV

## Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Dawn L. Huntley v. State of Rhode Island et al.

**CASE NO:**     No. 2013-253-Appeal.
(PC 11-558)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     February 12, 2015

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Luis M. Matos

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Nicholas S. Gelfuso, Esq.

For Defendants:  Rebecca T. Partington
Department of Attorney General